(120 App. Div. 665)

MARTIN v. McCURDY et al.

(Supreme Court, Appellate Division, Third Department. June 25, 1907.)

PLEADING—SERVICE AFTER TIME—NEGLIGENCE—EXCUSE.

Code Civ. Proc. § 783, permits the court, on good cause shown, to relieve a party from the consequences of omission to serve a pleading within the time specified by section 479, which requires a copy of the complaint not served with the summons to be served within 20 days after written demand on plaintiff's attorney. Plaintiff served a summons January 3, 1906, and on the 18th defendant M. appeared and demanded a copy of the complaint, which was not served until July 30th, when it was returned, and no further steps taken until February 8, 1907, when plaintiff moved for an order permitting the service of the complaint with the same force and effect as though service had been made within 20 days after service of summons. *Held*, that the affidavit of plaintiff's attorney that, by reason of professional engagements and the care required in preparing the complaint, which was voluminous, he was unable to serve it within 20 days after the service of summons, but containing no excuse for his delay after the expiration of the 20 days, was insufficient to entitle plaintiff to the relief prayed.

Appeal from Special Term, Saratoga County.

Action by William M. Martin, a policy holder of the Mutual Life Insurance Company of New York, suing on behalf of himself and of persons similarly situated, against Robert H. McCurdy, impleaded with the Mutual Life Insurance Company and others. From an order granting plaintiff leave to serve the complaint after the time within which it should have been served had expired, defendant McCurdy appeals. Reversed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Pratt A. Brown, for appellant.
Edgar T. Bracket, for respondent.

SEWELL, J.  This action was commenced by the plaintiff, a policy holder of the Mutual Life Insurance Company, on behalf of himself and all other persons similarly situated, to recover certain sums alleged to have been wasted by the negligence of the defendants, who were directors of the company.  The summons was served January 3, 1906.  On January 18th, the defendant, Robert H. McCurdy, appeared by attorney and demanded a copy of the complaint.  The complaint was not served until July 30th, when it was returned with the ground of objection indorsed thereon.  No further steps were taken until February 8, 1907, when the plaintiff's attorney served a notice of motion, returnable March 9th, for an order permitting service of the complaint, with the same force and effect as though service had been made within 20 days after service of the summons herein.  The motion was based upon an affidavit of the plaintiff's attorney, in which he said:

"That by reason of deponent's professional engagements and the care required in the preparation of the complaint (which is quite voluminous), he was unable to prepare and serve it within the time fixed therefor, viz., 20 days after the service of the summons herein upon this defendant."

He also stated that he had delayed making a motion for leave to serve the complaint until the determination of a demurrer to the complaint in an action against the Equitable Assurance Company involving substantially the same questions.

Section 783 of the Code of Civil Procedure permits the court, upon good cause shown, to relieve a party from the consequences of an omission to serve a pleading within the time allowed by section 479. Under this section, the burden was upon the plaintiff of making it appear to the court that there was a reasonable excuse for his neglect, and this he entirely failed to do.  The only excuse presented in the papers was the press of professional engagements during the 20 days following the service of the summons herein.  There is no pretense that professional engagements prevented preparation or tender of the complaint until July 30, 1906, and no attempt was made to excuse his default after that date.  It is clear that this vague and general statement of plaintiff's counsel did not furnish the basis for the exercise of judicial discretion, and was not sufficient to relieve the plaintiff from the consequences of his long-continued inaction.  The plaintiff was guilty of great laches in making the motion, and for that reason, if no other, it should have been denied.

The order appealed from should be reversed, with $10 costs and disbursements.  All concur, except KELLOGG, J., not voting.