(90 Misc. Rep. 363)

ROTH et al. v. GOTTHOLD.

(Supreme Court, Appellate Term, First Department. May 13, 1915.)

1. BANKRUPTCY ⛐⟹249—CONTINUANCE OF BUSINESS BY TRUSTEE—AUTHORITY.
　　　Under an order of the bankruptcy court authorizing a trustee to continue the business of the bankrupt and to raise money on receiver's certificates for his use in the continuance and operation of the business, the trustee's authority to continue the business was dependent on his ability to raise money for that purpose by means of receiver's certificates.
　　　[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 347; Dec. Dig. ⛐⟹249.]

2. COURTS ⛐⟹99—RULINGS ON DEMURRER AS LAW OF THE CASE.
　　　In an action against a trustee in bankruptcy for supplies sold him and used in the continuation of the bankrupt's business, a decision overruling a demurrer to the complaint, on the ground that the trustee's authority to continue the business under an order of the bankruptcy court was dependent upon his ability to raise money for that purpose by receiver's certificates, was the law of the case, and where the trustee failed to prove the defense, subsequently pleaded, that plaintiffs were creditors of the bankrupt and joined in authorizing the trustee to continue the business on credit, a judgment dismissing the complaint was contrary to the law of the case as settled on demurrer.
　　　[Ed. Note.—For other cases, see Courts, Cent. Dig. § 340; Dec. Dig. ⛐⟹99.]

⛐⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Joseph Roth and another against Arthur F. Gotthold. From a judgment in favor of defendant, after a trial by a judge without a jury, plaintiff appeals. Reversed, and new trial ordered.

Argued April term, 1915, before GUY, BIJUR, and PENDLETON, JJ.

Goldman, Heidenheimer & Unger, of New York City (M. L. Heidenheimer, of New York City, of counsel), for appellants.

Yankauer & Davidson, of New York City (Maurice P. Davidson and Myle J. Holley, both of New York City, of counsel), for respondent.

BIJUR, J.  This action is brought to recover supplies sold to a trustee in bankruptcy and used in the continuation of the business of a bankrupt. To the complaint, defendant had interposed a demurrer, which was overruled, and a formal order entered thereon; the judge who rendered the decision writing an opinion.

[1, 2] It appears that the trustee had been authorized by the federal court to continue the business; also to raise money on receiver's certificates "for the use of the trustee in the continuance and operation of the business of the said bankrupt." The judge who overruled the demurrer was of opinion—in which I agree with him—that the decision in Re Erie Lumber Co. (D. C.) 150 Fed. 817, was decisive of the interpretation of this order, to the effect that the authority of the trustee to continue the business was dependent on raising the money for that purpose by means of receiver's certificates. At all events, the decision overruling the demurrer is the law of this case.

Defendant thereafter interposed an answer, which, so far as meeting the decision on the demurrer goes, sets out substantially that plaintiffs were creditors of the bankrupt and themselves joined in authorizing the defendant-trustee to continue the business *on credit*. Of this there was no proof. The judgment dismissing the complaint, therefore, was in plain disregard of the law of the case as settled on demurrer, and the judgment must therefore be reversed, and new trial granted, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.