J. Dennis O'Hagan, Plaintiff, *v.* Frederick J. H. Kracke, William J. Wason, Jr., Individually and as Trustee under a Certain Deed of Trust Made by Mary E. Luckenbach on or about May 28th, 1918, and Lauretta S. Miller and Others, Executors, etc., of John E. Stillwell, Deceased, a Former Trustee under Said Trust, and Elizabeth Lathan, Defendants.

Supreme Court, Westchester County, August 4, 1937.

*Russell, Shevlin & Russell* [*Franklin F. Russell* of counsel], for the plaintiff.

*Lee, Bond, Swan & Donoghue* [*Warren I. Lee* and *John H. Schmid* of counsel], for the defendants Kracke and Wason.

*Raymond E. Stefferson* [*Edwin M. Bourke* of counsel], for the defendant Lathan.

ZOLLER, J. The facts here are not disputed. They have been submitted by stipulation of counsel. In view of that stipulation, which is a clear and comprehensive recital of the facts, I deem it unnecessary to refer to them in detail herein. These stipulated and agreed facts, however, do present several questions of law, to aid in the disposition of which counsel for the respective parties hereto have argued orally before the court and have submitted memoranda in support of their arguments.

This is an equitable action for an accounting, and plaintiff, in his amended complaint, demands judgment " that defendants Kracke and Wason be directed to render to plaintiff a just and full account of the moneys so received and disbursed by the trustees of the said trust since the death of the said Mary E. Luckenbach, and that plaintiff have judgment against defendants Kracke and Wason, for any sum or balance found to be due from said defendants; and that defendant Lathan, and every person claiming through or under her be adjudged to have no claim or right to any estate right or interest in the trust fund herein described, and that they be forever barred from all such claims to an interest therein."

The defendants Kracke and Wason have interposed separate answers to said amended complaint, which are substantially the same, and wherein they deny the allegations contained in the sixth paragraph thereof and certain allegations contained in the seventh paragraph thereof, which denials are more or less technical in nature and are of little importance here. These defendants also do allege and set forth in their answers four separate and complete defenses, namely: (1) That the trust agreement, or deed of trust, bearing date May 28, 1918, was revoked, in so far as it related to and provided for the plaintiff, by an instrument in writing bearing date November 23, 1921; (2) that plaintiff is estopped " to deny the right to the trustees to make the payments of income under said trust which it has already made and he is not entitled to an accounting therefor;" (3) that a judgment heretofore granted on or about the 27th day of October, 1927, in an action for an accounting by the trustees in the Supreme Court of Kings county, to which

this plaintiff was a party defendant, is *res adjudicata* as between the trustees of said trust and the plaintiff herein; and (4) that the plaintiff is not entitled to maintain this action because he has failed to restore a good and valuable consideration which he received for his consent to the revocation of said trust agreement.

Said two defendants also allege as a fifth separate and partial defense that said judgment of October 27, 1927, bars all claims for anything arising prior thereto and a further separate defense that the plaintiff has been guilty of gross laches and is not entitled to an accounting.

Defendant Wason also alleges as a partial defense that he is not accountable as a trustee for the conduct of said trust prior to January 8, 1931, when he became a successor to John E. Stillwell, one of the trustees originally named in said trust agreement.

These two defendants also have alleged in their respective answers substantially similar counterclaims, wherein they say that the plaintiff herein, in disregard of his consent to the revocation of said trust and of the adjudication of the validity and effect of said instrument of November 23, 1921, " asserts and continues to assert in this action that he is the income beneficiary under said Trust and has, therefore, created an uncertainty as to the rights and duties of the Trustees under said Trust, and challenges the Trustees to proceed in the administration of said Trust at their peril."

They demand judgment that plaintiff's complaint be dismissed and that a declaratory judgment be granted, " which shall determine whether the prior adjudication referred to in paragraph ' 11 ' of this Answer is binding upon the plaintiff as to the validity and legal effect of the instrument of November 23, 1921, referred to in paragraph ' 4 ' hereof, and the extent to which the same is binding upon the plaintiff; and, if not, but only in that case, then that this Court then determine the rights of the parties, and in particular the validity and legal effect of said instrument of November 23, 1921." Plaintiff duly replied to these counterclaims.

The answer of the defendant Lathan contains allegations and defenses and a counterclaim similar to those set forth in the answers of the two defendants Kracke and Wason, and she demands practically the same judgment as demanded by them.

It appears that after issue was joined, and some time in January of this year, plaintiff moved for a judgment on the pleadings, which motion was heard by Mr. Justice WITSCHIEF, who denied the motion and rendered the following opinion: " A modification of a trust instrument may amount to a revocation of the trust, at least in part, as the agreement of 1921 did in this case. There is no

reason for any narrow construction of section 23 of the Personal Property Law. Nor must the revocation affect the corpus. A revocation may affect any substantial provision of the trust and still be a revocation even though it be referred to as a modification. The plaintiff's right to the relief sought is far from being so clear as to entitle him to judgment on the pleadings. Motion denied, without costs."

It further appears that no appeal was taken by plaintiff from the order entered thereon, and that plaintiff's time to appeal therefrom has expired.

Upon the final submission of the case, counsel for plaintiff moved to dismiss all the defenses and all the counterclaims of all of the defendants, except the defense of the defendant Wason that he is not accountable as a trustee for the conduct of the trust prior to the time he became a successor trustee on or about January 8, 1931, and counsel for the several defendants moved that the complaint be dismissed upon the merits and for judgment for the defendants in all respects as demanded, and that in any event plaintiff should not have any judgment against the trustees, or any of them, for any income paid after the death of Mrs. Luckenbach to and including the date of the demand herein, which was made in May, 1936. Counsel agreed that under no circumstances should the defendant Wason be held accountable for the conduct of the trust prior to January 8, 1931, when he became a trustee thereof.

Quite obviously, the problem here presents several separate and distinct phases, and a determination at the outset of some of these phases, it seems to me, may be made independently of all others and without regard to their disposition. In the first place, concededly the defendant Wason should not be held liable to the plaintiff for any accounting as a trustee prior to his appointment and qualification as such trustee on January 8, 1931. I am so deciding and holding.

Furthermore, it seems to me that plaintiff is not entitled to an accounting from any defendant prior to the service of his demand therefor on or about May 6, 1936. The record shows that plaintiff signed and executed in the presence of a witness, on November 23, 1921, the following instrument under seal:

" I, J. Dennis O'Hagan, in consideration of One Dollar and other good and valuable consideration to me in hand paid by Mary E. Luckenbach, the creator of the Trust above described, and in consideration of the like amount to me in hand paid by each of the Trustees under said Trust, the receipts whereof are hereby

acknowledged, I do hereby consent to the modification and alteration of the said Deed of Trust excluding me from any interest thereunder.

" Dated November 23, 1921."

From the record it appears further that the instrument so executed by the plaintiff, designated in the stipulated facts as a " consent of the plaintiff," was executed by him as part of and in connection with the instrument of even date therewith, made, executed and delivered by said Mary E. Luckenbach, the effect of which was to substitute the defendant Elizabeth Lathan, a sister of said Mary E. Luckenbach, in place of the plaintiff as a beneficiary under the deed of trust here in question, dated May 28, 1918, which is a part of the record as Exhibit I. The two instruments of November 23, 1921, executed respectively by Mrs. Luckenbach and the plaintiff are likewise part of the record as Exhibit II.

The record also shows that said Mary E. Luckenbach died on or about the 24th day of January, 1926, and that thereafter and until March 15, 1936, the defendant Kracke and his cotrustee, John E. Stillwell, during his lifetime, and the defendant Wason, since his qualification as trustee, paid the income of said trust fund to the defendant Lathan and paid no income to the plaintiff, all of which was done with plaintiff's knowledge and with no demand on his part until May 6, 1936, when plaintiff's counsel caused to be served upon the defendants Kracke and Wason the following written demand:

" On behalf of my client, Dr. J. Dennis O'Hagan, I hereby demand that you account for all sums received by the Trustee of a certain Trust executed by the late Mary E. Luckenbach on or about May 28, 1918.

" Very truly yours,
" FRANKLIN F. RUSSELL."

Meanwhile an action was brought in the Supreme Court, Kings county, by the trustees Kracke and Stillwell for an accounting and the plaintiff herein was made a party defendant and was duly served with a summons and verified complaint, but did not appear therein. In that action the account of said trustees was judicially settled by a judgment duly granted and filed on or about October, 1927. There is nothing in the record to indicate that a copy of the judgment was served upon the plaintiff. Very likely this was not done in view of the fact that he had not appeared in the action and was in default.

Also meanwhile, and in December, 1927, proceedings were had in the Surrogate's Court of New York county for the determination and assessment of a transfer tax in the estate of said Mary E.

Luckenbach, deceased, to which proceedings plaintiff herein was a party, and wherein, among other things, the interest of Elizabeth Lathan in the trust created by the deed of trust dated May 28, 1918, as affected by the instrument dated November 23, 1921, was fixed for taxation purposes at the amount of $31,270, and the transfer to plaintiff by Mary E. Luckenbach of certain securities of the face value of at least $74,000 on January 18, 1926, only eight days before her death on the 24th of January, 1926, was assessed for tax purposes at $73,475.36, as property transferred in contemplation of death.

The record also discloses that many years before his written demand of May 6, 1936, plaintiff was examined as a witness in October, 1927, in proceedings to discover property withheld, as provided in the Surrogate's Court Act, upon the petition of the executor of the last will and testament of said Mary E. Luckenbach, deceased, and that as such witness he testified in substance that she had given to him certain bonds of the face value of $74,000, seven or eight days before her death; that he knew that Mary E. Luckenbach had executed a deed of trust in 1918 and that subsequently, in the year 1921, and prior to November twenty-third, she had spoken to him in regard to revoking that trust, and that he had signed a revocation thereof. He further testified that Mrs. Luckenbach was to provide for him in a trust which she was to set up in her last will and testament "simultaneously with this revocation," and that he learned later that she had made a will containing such a provision for him. Copies of said deed of trust dated May 28, 1918, and of said instrument dated November 23, 1921, were offered and received in evidence in said proceedings. Counsel for plaintiff contend that these excerpts from the testimony of the plaintiff taken in said discovery proceedings are irrelevant and immaterial, and object to the admissibility of any such testimony upon such grounds. Although said testimony is Exhibit V of the record and is part of the agreed facts, the right of any party to object on the trial to the relevancy or materiality of any of the stipulated facts was reserved. In my opinion, Exhibit V, containing as it does considerable testimony taken before a referee in said discovery proceedings, is relevant, material and admissible. Therefore, plaintiff's objection thereto is overruled.

Accordingly, my conclusion in respect to this particular phase is that plaintiff is not entitled in this court of equity to any accounting from any defendant for any period of time prior to May 6, 1936. He is certainly guilty of gross laches and, in view of these facts and circumstances as revealed by the record, he should be estopped and barred from asserting and maintaining any claim thereto.

To hold otherwise would be to put a premium upon conduct which has every appearance of showing a clear want of equity and a complete failure to do equity. With as much actual knowledge of the whole situation as one could possess, starting with his written consent of November 23, 1921, and continuing on down through the years with the matter brought repeatedly to his attention by several legal proceedings, plaintiff saw fit to refrain from enforcing any rights which he may have had, notwithstanding his knowledge and the certainty that the rights of others would be seriously prejudiced thereby. Such conduct, it seems to me, should not be condoned, but, on the other hand, should be condemned by this court as conduct in clear violation of the old, well-established maxim, " He who seeks equity must do equity."

Without passing upon the legal effect of the two instruments of November 23, 1921, and without determining at this point whether or not the law enunciated by the court in *Matter of Wentworth* (230 N. Y. 176) is controlling, I am of the opinion that my decision, that plaintiff is not entitled to an accounting prior to the service of his written demand, is supported and substantiated also upon the theory that in any event the so-called consent of the plaintiff may be treated and construed as a revocable direction or authorization having the effect of creating an agency revocable by the plaintiff at any time. Upon that theory and in that view of the case, all payments of income made by the trustees before plaintiff's written demand was served upon them were lawfully made and the trustees were protected in making them. (*Matter of Lynch*, 151 Misc. 549; *Matter of Van Heusen*, 145 id. 884; *Matter of Goldman*, 142 id. 790; *Matter of Oakley*, 116 id. 494; affd., 207 App. Div. 811.)

Furthermore, it seems to me that the well-established principle or doctrine " where the *cestui que trust* has assented to or concurred in the breach of trust or has subsequently acquiesced in it, he cannot afterwards proceed against those who would otherwise be liable therefor," is directly applicable to the facts and circumstances here presented, and that a court of equity will refuse to approve an inequitable attempt of a *cestui que trust* to hold a trustee personally responsible for doing what he himself has asked. (*Vohmann* v. *Michel*, 185 N. Y. 420; *Woodbridge* v. *Bockes*, 170 id. 596; *Butterfield* v. *Cowing*, 112 id. 486.)

The primary contention of the plaintiff herein is that he acquired certain rights under the deed of trust dated May 28, 1918, and that none of the rights so acquired was given up or surrendered by him as a result of the later agreement of November 23, 1921. This contention is based upon the claim that said agreement of

November 23, 1921, was not a revocation of the deed of trust within the meaning and construction of section 23 of the Personal Property Law, which reads as follows: " Upon the written consent of all the persons beneficially interested in a trust in personal property or any part thereof heretofore or hereafter created, the creator of such trust may revoke the same as to the whole or such part thereof, and thereupon the estate of the trustee shall cease in the whole or such part thereof."

Counsel for plaintiff call attention, in the first place, to the wording or phraseology of said instrument of November 23, 1921, and point out that the expressions used therein refer to a modification and alteration, and not a revocation thereof. There is no dispute about the language. Plaintiff in his so-called consent said: " I do hereby consent to the modification and alteration of the said Deed of Trust excluding me from any interest thereunder." Counsel also point out that the estate of the trustees never ceased in any respect by reason of said instrument of November 23, 1921, and they argue that as a result thereof there was no revocation as to the whole or any part of said trust. They say that a determination of this question, that is, whether or not said instrument of November twenty-third, was a revocation within the meaning and the purpose of said section 23, is a matter of statutory construction and that the intention of the parties thereto is not material. In support of their position they submit and rely quite entirely upon *Matter of Wentworth (supra).* Counsel argue that at common law there was no right of revocation of a trust in the settlor or creator thereof. They conclude, therefore, and urge that said section 23, being in derogation of the common law, must be strictly construed. It follows from their argument that, there having been no revocation of the deed of trust dated May 28, 1918, by means of the instrument dated November 23, 1921, plaintiff herein was not divested thereby of any rights acquired under said deed of trust, in that he was not able to do indirectly what the law prevented him from doing directly. They maintain that section 15 of the Personal Property Law which, so far as material here, reads as follows: " The right of the beneficiary to enforce the performance of a trust to receive the income of personal property, and to apply it to the use of any person, cannot be transferred by assignment or otherwise," prohibited and prevented plaintiff from conveying, assigning or releasing any rights which he acquired under said trust agreement, and that he could not alienate or dispose of any such rights by the application of the doctrine of laches, waiver or estoppel. As their authority they cite *Matter of Wentworth (supra);* *Slater* v. *Slater* (114 App. Div. 160; affd., 188 N. Y. 633); *Central Trust Co.* v. *Gaffney* (157 App. Div. 501; affd., 215 N. Y. 740).

They find no fault with the provisions of said section 23. They simply say that those provisions were not carried out or complied with and, that being the case, plaintiff may now avail himself of the protection afforded him by said section 15 and the law of the several cases cited.

Said sections 15 and 23 do not conflict. " Section 15 concerns itself with the right merely of a personal property trust beneficiary to *transfer* his right to enforce performance of such trust. Section 23 deals with the *revocation* of such trust. Bouvier's Law Dictionary (3d Rev.) defines ' Transfer ' as ' The act by which the owner of a thing delivers it to another person, with the intent of passing the rights which he has in it to the latter.' ' Revocation ' is there defined as ' The recall of a power or authority conferred or the vacating of an instrument previously made.' These definitions show the dissimilarity of the two acts, and hence of the purport of the two sections." (*Baker* v. *Fifth Avenue Bank of New York*, 225 App. Div. 238.)

Counsel for defendants, on the other hand, say that said section 23 is an enactment not in derogation of common law, but remedial in character, and that it denotes a definite return to the common-law rule that any trust for non-charitable purposes may be conveyed or transferred by the beneficiary and may be reached by his creditors to pay his debts, a rule which permitted alienation of equitable interests. They point out in this connection the trend of the law, evidenced both by statute and by judicial interpretation culminating in 1932 in the enactment of section 118 of the Real Property Law which permits the revocation of a trust in real property, toward the enlargement of the legislative purpose as disclosed by the enactment of said section 23 in 1909. In my opinion said section 23 of the Personal Property Law is not in derogation of the common law and is not to be strictly construed. It seems to me that the purpose of its enactment was, in effect, an attempt to restore, at least in part, the rule or policy of the common-law which prohibited the creation under a trust of rights which could not be alienated by the *cestui* or beneficiary thereunder.

Section 23 is a short statement. The requirements specified therein, whereby a trust in personal property may be revoked as to the whole or any part thereof, are few in number and simple in character. It would seem that from this fact alone, the accomplishment of its purpose should not be too involved or too uncertain.

Counsel for plaintiff submit as a definition of the word " revoke " one taken from the Standard Dictionary, which is as follows: " To annul or make void by recalling or taking back; cancel; rescind; repeal; reverse." They say that if the 1909 Legislature

had intended that a trust in personal property could be altered or modified, such a purpose would have been clearly indicated. Certainly the trust agreement of 1918 as to this plaintiff was not altered or modified. It was as to him canceled, rescinded, repealed and made null and void.

Defendants claim that there was a valid partial revocation of the trust so far as plaintiff is concerned. They do not claim that the trust was revoked as to the whole thereof. Their contention in this respect has been upheld by Mr. Justice WITSCHIEF whose decision, it seems to me, is within the law as stated by the court in *Baker* v. *Fifth Avenue Bank of New York* (*supra*). In that case the court held in substance that a partial revocation of a trust may be made under the provisions of said section 23 where the revocation revokes the trust only as to income and where the principal of the trust remains with the trustee notwithstanding.

The instrument of November 23, 1921, duly executed by Mrs. Luckenbach, the creator of the trust agreement, and duly consented to by the written consent of the plaintiff, who was the only person interested in his exclusion as a beneficiary thereunder, was a valid partial revocation of the trust as to the plaintiff. As to him said trust agreement was canceled and rescinded and annulled and made void by substituting in his place the name of the defendant Elizabeth Lathan therein.

As already stated, the plaintiff, after issue was joined, made a motion at Special Term for judgment on the pleadings and this motion was denied by Mr. Justice WITSCHIEF, whose opinion has been referred to and is hereinabove quoted. Counsel for defendants urge, and I think properly so, that the decision of Mr. Justice WITSCHIEF upon that motion is the law of this case, and that under the authorities I would not be justified in reviewing and overruling that decision. Concededly, there were only questions of law before the court upon that motion and these were passed upon and disposed of by the denial of plaintiff's application for judgment on the pleadings. (*Van Der Stegen* v. *Neus, Hesslein & Co., Inc.,* 243 App. Div. 122; *Endurance Holding Corp.* v. *Kramer Surgical Stores, Inc.,* 227 id. 582, and cases therein cited; *Roth* v. *Gotthold,* 90 Misc. 363.)

I am also of the opinion that the judgment of October 27, 1927, granted in the action brought by the trustees in Supreme Court, Kings county, for an accounting, in which action plaintiff was made a party defendant and the several questions here presented as to the validity of the instrument of November 23, 1921, were before the court and were determined and adjudicated, is *res adjudicata* as between the parties hereto. (*Schuylkill Fuel Corp.* v. *Nieberg*

*Realty Corp.*, 250 N. Y. 304, 306; *Sielcken-Schwarz* v. *American Factors, Ltd.*, 265 id. 239, 243.)

Plaintiff's motion is denied.

Motions made in behalf of the several defendants are granted.

Orders may be submitted accordingly and judgment may be entered in accordance with this decision.