JENNIE WILSON, Plaintiff, *v.* CHARLES A. PHELPS, as Executor, etc., of WILLIAM ARNOLD, Deceased, Defendant.

Supreme Court, Jefferson County, December 27, 1937.

*Hynes & Burns,* for the plaintiff.

*Phelps, Hudson & Wise,* for the defendant.

SMITH (E. N.), J. As appears by the complaint, the action is for the recovery of money had and received. The summons was served on William Arnold, now deceased, August 17, 1935. The

defendant, by his attorneys, Phelps, Hudson & Wise, on September 5, 1935, served a notice of retainer, coupled with a demand for a copy of the complaint. The defendant William Arnold died April 15, 1937, leaving a last will and testament in which Charles A. Phelps was named as executor. The will was admitted to probate and Mr. Phelps duly qualified and is now acting as executor thereof.

On motion of the plaintiff and on November 30, 1937, an order substituting Charles A. Phelps as executor of the last will and testament of William Arnold, deceased, as party defendant, was granted, and on that day the plaintiff served upon Charles A. Phelps a verified complaint, which was promptly returned on the ground that it was not served in time; whereupon the present motion was made.

From the 5th day of September, 1935, down to the death of Mr. Arnold, April 15, 1937, no attempt was made to serve a complaint, and, excepting for the motion for substitution of Mr. Arnold's executor, no steps were taken by either party.

The affidavits submitted by the plaintiff in support of this motion fail to disclose any reasonable ground for plaintiff's delay, and, if there be any power in the court to deny this motion on the ground of laches, all circumstances but one urge to that end. The action is at law and not in equity. The six-year Statute of Limitations applies. From its very nature the action survived the death of the defendant. Under such circumstances may the motion to compel the defendant to accept the complaint be denied?

The defendant urges, in opposition to the motion, that the plaintiff is a resident of the city of Watertown and has been in said city almost continuously since the service of the summons on August 17, 1935, and the service of the notice of retainer, with a demand for a copy of the complaint, on September 5, 1935; that the substituted defendant, Mr. Phelps, who has had charge of this action, knew nothing as to the nature of the action until after the death of Mr. Arnold; that there was no reason why the complaint could not have been served in due season, issue joined, and the case tried during the lifetime of the defendant Arnold; that the defendant is deprived of the evidence which would have been given by said Arnold, and also of the evidence which might have been given by the father of said Arnold, who is now dead; that this defendant, in the performance of his duty to protect the estate of William Arnold, deceased, is placed in a precarious position by reason of the laches and delay of the plaintiff in serving the complaint, because he is deprived of the testimony of said Arnold and his father in reference to the plaintiff's alleged claim. Mr. Phelps further deposes that he never had any conversation with the attorneys for

the plaintiff, or either of them, or with any other person, as to the nature of this action from the time of the service of the summons, and had no knowledge whatsoever of the nature of the plaintiff's alleged claim or the amount thereof until after the death of said Arnold; that he had had no opportunity to consult with said Arnold prior to the latter's death as to this action, for the reason that said Arnold, when he delivered to deponent the summons, said he did not know what he was being sued for. All these reasons appeal to the conscience of the court, but do they have any application to the situation which we have here?

The rule of laches constitutes a defense to a suit in equity; it does not apply in actions at law. In such actions the Statutes of Limitation govern. Even in purely equitable actions courts are tending to consider the Statutes of Limitation not as binding in such causes, but as guides, where no substantial rights have been lost by reason of the laches. The rule is well stated in *Calhoun* v. *Millard* (121 N. Y. 69, at p. 81), as follows:

' It is and always has been the practice of courts of equity to remain inactive where a party seeking their interference has been guilty of unreasonable laches in making his application. * * * ' Nothing can call forth this court into activity but conscience, good faith and reasonable diligence. Where these are wanting the court is passive and does nothing. Laches and neglect are discountenanced and, therefore, from the beginning of this court, there was always a limitation to suits in this court.'

" Courts of equity * * * not so much in analogy to, as in obedience to Statutes of Limitation of legal actions, because where the legal remedy is barred, the spirit of the statute bars the equitable remedy also. * * * But we apprehend that the period of limitation of equitable actions, fixed by the statute, is not where a purely equitable remedy is invoked, equivalent to a legislative direction that no period short of that time shall be a bar to relief in any case, or precludes the court from denying relief in accordance with equitable principles for unreasonable delay."

And this even though the full period of a Statute of Limitation had not run. (See, also, *Appleton* v. *National Park Bank*, 211 App. Div. 708.)

But the defendant was not without his remedy. (Civ. Prac. Act, § 257.) It was the duty of the plaintiff, under this section, within twenty days after the service by defendant's attorneys of a demand for a copy of the complaint, to serve the same; but the section also provides: " If the plaintiff's attorney fails to serve a copy of the complaint *the defendant may apply to the court for a dismissal of the complaint.*" It, therefore, appears that at any time

after the 25th day of September, 1935, the defendant could have moved to dismiss the complaint. This he failed to do.

I reluctantly come to the conclusion that the motion of the plaintiff to compel the defendant to accept service of the complaint must be granted. I am led to this view by reason of my opinion that the rule of laches has no application as a defense in an action at law, but that in such actions the Statutes of Limitation admeasure the limits of delay. My view is supported by the answer to the following inquiry: Let us assume that no action whatsoever had been brought, but that upon the death of Mr. Arnold and the qualification of the executor the plaintiff had filed a claim in Surrogate's Court, and, upon its rejection, had brought an action against the executor to recover on account of the claim. Would this defendant then be allowed, in answer, to set up the rule of laches as a defense to an action clearly not barred by the Statute of Limitations? To ask the question is to answer it.

I have not been unmindful of the authorities cited by the defendant in support of his position, as follows: *Martin* v. *McCurdy* (120 App. Div. 665); *Burns* v. *Meister* (141 id. 674). The nature of the action in *Martin* v. *McCurdy* does not clearly appear. The form of the title, however, would indicate that it was of an equitable character, as the plaintiff sues on behalf of himself and all other persons situated similarly with himself, although the purpose of the action is stated to be to recover certain moneys alleged to have been wasted by the defendants, directors of the Mutual Life Insurance Company. Although the motion in this case was decided in 1907, I cannot find that it was ever cited excepting in the case of *Burns* v. *Meister* (*supra*), which was a negligence case and under the three-year Statute of Limitations. The summons was served in 1904; the motion by the plaintiff for leave to serve a complaint was not made until June, 1910. It should be noted, in this case, that at the time the motion was made the statutory period had run. Although decided in 1910, I cannot find that the case has ever been cited. While the distinctions here may appear somewhat attenuated, I feel that, even if directly in point, the decisions must be viewed as erroneous in that the effect of following them would be to defeat a cause of action not yet barred by the Statute of Limitations.

The remedy which the plaintiff seeks here is provided for in section 98 of the Civil Practice Act, which reads as follows: " Except as otherwise expressly provided by statute, the court or a judge shall have power after the commencement of an action  *  *  * to enlarge the time appointed by statute or rules, or fixed by any order enlarging time, for doing any act or taking any proceeding,

upon such terms as the justice of the case may require, and any such enlargement may be ordered upon good cause shown, although the application for the same is not made until after the expiration of the time appointed or allowed." Here the court, or a judge thereof, is given a discretionary power. Section 99 of the Civil Practice Act sets the limitations upon the exercise of this discretionary power. It would be an abuse of discretion to defeat a cause of action not barred by the Statute of Limitations, which would be the effect of a denial of plaintiff's motion. A ruling in a matter of procedure should not operate to defeat a right of action at law not barred by statute. There are no terms which, under section 98 of the Civil Practice Act the court could apply to a situation such as this. The plaintiff's cause of action exists; it did not abate by death, nor is it barred by the Statute of Limitations.

The plaintiff's motion is granted, but without costs.