J. DENNIS O'HAGAN, Appellant, *v.* FREDERICK J. H. KRACKE and WILLIAM J. WASON, JR., Individually and as Trustees under a Certain Deed of Trust Made by MARY E. LUCKENBACH, on or about May 28, 1918, and ELIZABETH LATHAN, Respondents, and Others, Defendants.*

Second Department, April 8, 1938.

* Affg. 165 Misc. 4.

*Franklin F. Russell* [*Karl G. Kolish* with him on the brief], for the appellant.

*John H. Schmid* [*Allen S. Wrenn* and *Edwin M. Bourke* with him on the bried], for the respondents.

TAYLOR, J. Plaintiff was named as life beneficiary under a deed. of trust of personal property. Thereafter, by a written instrument, he waived all his interest in such trust. The settlor, on November 23, 1921, named another life beneficiary under that trust and made plaintiff life beneficiary under a similar trust set up by will. Later the settlor revoked this will to avoid a threatened contest thereof by her son because of the provision made for plaintiff. In lieu of the testamentary trust, plaintiff received from the settlor an absolute gift *in præsenti* of a value more than seven-ninths the value of the corpus of either of the two trusts in which he had been named, to wit, securities of the value of $74,000. Neither these securities nor their value does the appellant, seeking equity, offer to return to the estate of the settlor in order to do equity. Appellant remained silent for more than ten years after the settlor's death, during which period he knew that on such death the income of the original trust became payable and was being paid by the trustees to the settlor's sister, as successor

life beneficiary. After this long silence, plaintiff brings this action for an accounting by the trustees of income which he abandoned and relinquished by written waiver, and for an adjudication that the successor beneficiary is not entitled to such income, and, in effect, that she holds the amount of the payments made to her by the trustees as money had and received to his use. Defenses of waiver and of estoppel by laches interposed by the defendants were conclusively established at the trial and are good in law. (*Alsens A. P. C. Works* v. *Degnon Cont. Co.*, 222 N. Y. 34, 37; *Hotchkiss* v. *City of Binghamton*, 211 id. 279, 283; *Brady* v. *Nally*, 151 id. 258, 265; *Matter of Boylan*, 249 App. Div. 35, 38; affd., 277 N. Y. 539; *Wilson* v. *Phelps*, 165 Misc. 455, 457, and cases there cited.) Sections 23 and 15 of the Personal Property Law, on which plaintiff relies, have no bearing on the instrument by which he waived his interest in the original trust. That instrument was neither a revocation of the trust nor a transfer of plaintiff's rights thereunder. If, however, we view the instrument as a revocation in part by the settlor, to which revocation the appellant, income beneficiary, consented, it was and is valid as such. (*Baker* v. *Fifth Avenue Bank of New York*, 225 App. Div. 238.) Finally, the appellant's claim herein is barred because of the estoppel by record manifest in the decree of October 27, 1927, in the prior accounting action brought by the trustees, in which action the question of the validity and effect of the instrument of November 23, 1921, was necessarily involved. In that action the plaintiff was a party although he defaulted in pleading. The judgment therein decreed that the effect of that instrument was to exclude plaintiff from all beneficial interest under the deed of trust, and to substitute Elizabeth Lathan for him as income beneficiary. That decree is *res judicata*. (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304, 306; *Sielcken-Schwarz* v. *American Factors, Ltd.*, 265 id. 239, 243.)

The judgment and orders should be affirmed, with costs.

Present — LAZANSKY, P. J., HAGARTY, DAVIS, JOHNSTON and TAYLOR, JJ.

Judgment and orders unanimously affirmed, with costs.