WILLIAM SAUERZOPF, Appellant, v. NORTH AMERICAN CEMENT CORPORATION, Respondent.

Argued May 19, 1950; decided July 11, 1950.

*Thomas J. Delaney* and *James H. Hyer* for appellant. The action was commenced within 120 days after the enactment of the act. (*Semar* v. *Great Eastern Fuel Co.*, 191 Misc. 552; *Snee* v. *Goldman*, 192 Misc. 440; *O'Neill* v. *New York Bd. of Fire Underwriters*, 191 Misc. 485; *Prudential Ins. Co.* v. *Stone*, 270 N. Y. 154.)

*Howard C. Wilbur* for respondent. I. So much of the causes of action alleged in the complaint as set forth claims for unpaid overtime compensation for periods prior to August 1, 1941, are barred by the Statute of Limitations. (*Overnight Motor Transp. Co.* v. *Missell*, 316 U. S. 572; *Emerson* v. *Mary Lincoln Candies, Inc.*, 174 Misc. 353, 287 N. Y. 577; *Goldstein* v. *Tri-Continental Corp.*, 282 N. Y. 21; *Pollack* v. *Warner Bros. Pictures*, 266 App. Div. 118; *Gordon* v. *Pushkoff*, 67 N. Y. S. 2d 873, 272 App. Div. 872; *Smith* v. *Continental Oil Co.*, 59 F. Supp. 91; *Rigopoulos* v. *Kervan*, 140 F. 2d 506; *Hitchcock* v. *Union & New Haven Trust Co.*, 56 A. 2d 655.) II. The causes of action set forth in the complaint are barred by the provisions of the Portal-to-Portal Act because this action was not commenced within 120 days after May 14, 1947. (*Engel* v. *Davenport*, 271 U. S. 33; *Atlantic Coast Line R. R.* v. *Burnette*, 239 U. S. 199; *Gatti Paper Stock Corp.* v. *Erie R. R. Co.*, 247 App. Div. 45, 272 N. Y. 535; *People* v. *Metropolitan Sur. Co.*, 211 N. Y. 107; *Leppard* v. *O'Brien*, 225 App. Div. 162, 252 N. Y. 563; *O'Neill* v. *New York Bd. of Fire Underwriters*, 191 Misc. 485; *Snee* v. *Goldman*, 192 Misc. 440; *Semar* v. *Great Eastern Fuel Co.*, 191 Misc. 552. III. In enacting the Portal-to-Portal Act it was the intent of Congress to provide for a uniform period of limitation.

CONWAY, J. Plaintiff sued his former employer to recover unpaid overtime compensation and damages allegedly due for the period from October 24, 1938, to April 25, 1944, under the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 201 *et seq.*), as amended by the Portal-to-Portal Act of 1947 (U. S. Code, tit. 29, § 251 *et seq.*). The date of enactment of the latter act by Congress was May 14, 1947. Section 6 of the Portal-to-Portal Act provides in part (U. S. Code, tit. 29, § 255):

" Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended   *   *   *

" (b) if the cause of action accrued prior to May 14, 1947 — may be commenced within whichever of the following periods is the shorter: (1) two years after the cause of action accrued, or (2) *the period prescribed by the applicable State statute of limitations;* and, except as provided in paragraph (c), every such action shall be forever barred unless commenced within the shorter of such two periods;

" (c) If the cause of action accrued prior to May 14, 1947, the action shall not be barred by paragraph (b) if it is commenced within one hundred and twenty days after May 14, 1947 unless at the time commenced it is barred by an *applicable State statute of limitations.*" (Emphasis supplied.)

That portion of plaintiff's causes of action seeking to recover unpaid overtime compensation and damages for the period prior to August 1, 1941, is concededly barred by the six-year Statute of Limitations contained in section 48 of our Civil Practice Act. We are here concerned with that portion covering the period from August 1, 1941, to April 25, 1944, as to which plaintiff's action under the above-quoted subdivision (c) of section 6 of the Portal-to-Portal Act, was required to be " commenced within one hundred and twenty days after May 14, 1947 ".

On August 1, 1947, within the 120-day period, plaintiff served a summons upon defendant. That, of course, is normally sufficient to commence an action in the courts of this State and to stop the running of the *State Statute of Limitations.* Thus, section 218 of the Civil Practice Act provides: " A civil action is commenced by the service of a summons, which is a mandate of the court." (See *Campbell* v. *New York Evening Post,* 245 N. Y. 320, 326.) Section 16 of the Civil Practice Act provides that " An action is commenced against a defendant, within the meaning of any provision of this act which limits the time for commencing an action, when the summons is served on him * * *." (See *Erickson* v. *Macy,* 236 N. Y. 412, 414–415.)

Defendant contends, however, and the courts below have held, that the mere service of the summons, which is normally effective to commence an action in this State, was not so effective here because of the provisions of section 7 of the Portal-to-Portal Act (U. S. Code, tit. 29, § 256), which reads in part as follows: " In determining when an action is commenced for the purposes of section 6 [§ 255], an action commenced on or after May 14, 1947,

under the Fair Labor Standards Act of 1938, as amended  *  *  * *shall be considered to be commenced on the date when the complaint is filed;*  *  *  * '' (emphasis supplied). It is undisputed that plaintiff here did not file his complaint within the 120-day period from May 14, 1947. Under our State practice, of course, there was no requirement that he do so unless and until he had received '' notice from the adverse party requiring such filing ''. (Civ. Prac. Act, § 100.) Thus, the provision that the filing of the complaint commences the action bears no practical or realistic relation to New York practice. Instead, the provision of section 7 of the Portal-to-Portal Act with respect to the filing of the complaint is an obvious reference to the *Federal* practice in civil actions. For example, rule 3 of the Federal Rules of Civil Procedure provides: '' *Commencement of Action.* A civil action is commenced by filing a complaint with the court.'' It is only after the complaint is filed in the Federal court that a summons is issued and served by a United States marshal by his deputy, or by some person specially appointed by the court for that purpose, upon the defendant. (Federal Rules of Civil Procedure, rule 4.)

These Federal Rules of Civil Procedure were adopted by the Supreme Court of the United States on the recommendation of an Advisory Committee appointed by that court and pursuant to the power granted by Congress. (48 U. S. Stat. 1064, now U. S. Code, tit. 28, § 2072.) The original act granting the power provided: '' Said rules shall neither abridge, enlarge, nor modify the substantive rights of any litigant.'' The Advisory Committee did not wish to transgress this limitation and, being fearful that a statement of what constitutes the commencement of an ction for the purposes of the Statute of Limitations would be eyond the rule-making power of the Supreme Court, the committee made no express rule with reference to the problem. Thus, in its note 4 to rule 3, the committee said in part:  '' *  *  * When a Federal or State statute of limitations is pleaded as a defense, a question may arise under this rule whether the mere filing of the complaint stops the running of the statute, or whether any further step is required, such as, service of the summons and complaint or their delivery to the marshal for service. The answer to this question may depend on whether it is competent for the Supreme Court, exercising the power to make rules of

procedure without affecting substantive rights, to vary the operation of statutes of limitations. The requirement of Rule 4 (a) that the clerk shall forthwith issue the summons and deliver it to the marshal for service will reduce the chances of such a question arising.'' Thus, there was doubt as to what act of the plaintiff in the Federal court should be deemed the commencement of the action. This uncertainty continued in some degree through 1947 when the Portal-to-Portal Act was passed. (See 17 Hughes on Federal Practice, §§ 18584–18586; 1 Moore's Federal Practice, § 3.06.) We think that section 7 of the Portal-to-Portal Act, quoted in part, *supra,* pages 161–162, was intended to resolve the question as to what constitutes the commencement of the action *in the Federal court* — at least for the purposes of that act. In other words, Congress resolved the question posed by the Advisory Committee note to rule No. 3, just quoted, by providing that in the Federal court the filing of the complaint supplied the date on which the action was commenced rather than the service thereof or the delivery to a marshal. We do not believe that Congress thereby intended to establish a rule of procedure *for State courts* as to the method of commencing an action therein so as to toll the Statute of Limitations, but intended to leave the manner of commencement of an action to the common law or legislation of the State in which the action was brought. The Fair Labor Standards Act of 1938, as amended by the Portal-to-Portal Act, expressly permits an employee to maintain his action for unpaid overtime compensation and damages '' in any court of competent jurisdiction '', State or Federal. (U. S. Code, tit. 29, § 216.) As applied to the Federal court, the provision of section 7 of the Portal-to-Portal Act prescribes the simplest conduct possible for the tolling of the statute by the employee. We think that it may not be said that Congress intended to make it more difficult, for those employees who elected to sue in State courts such as our own, by disregarding State law and providing for the commencement of the action in a manner different from the conventional State-provided method. As noted above, the statement in section 7 that the action shall be considered to be commenced on the date when the complaint is filed bears no relation to our State practice since the filing of a complaint in a civil action in our courts has no operative effect whatsoever on the running of the Statute of

Limitations. Accordingly, it seems to us that Congress in section 7 was referring only to an action brought under the act in the Federal District Courts, and, more specifically, that Congress was attempting to resolve for the purposes of the act any doubt which may have existed as to what conduct on the part of the plaintiff actually commenced his action in such courts and to make clear that a different rule in a local State court could not affect the determination as to when the action was commenced in the Federal court.

The judgments should be modified in accordance with the opinion herein, and, as so modified, affirmed, with costs to appellant in this court.

LOUGHRAN, Ch. J., LEWIS, DESMOND, DYE, FULD and FROESSEL, JJ., concur.

Judgment accordingly.