Joseph A. Suozzi, J.
By this proceeding under article 79 of the Civil Practice Act, the petitioner settlor seeks a determination of the validity and effectiveness of similar instruments amending four trusts, and of acts of the petitioner settlor done in reliance thereon, removing and substituting trustees.
The four trusts in question were created by the petitioner Henry Muller in 1956, the documents being similar in their general provisions. The only language found in the documents relating to replacement of trustees is the following: “ 4. Should any of the aforesaid Trustees die, resign or become disqualified to act for any reason whatsoever, the survivor or survivors among them shall continue to act as such Trustees with all the powers granted to the Trustees hereunder.”
One of the trustees died in 1958; one sought to resign in June, I960; the sole surviving trustee, James E. Birdsall, Esq., appears in opposition to the settlor’s application herein.
It appears that in the Fall of 1960 the settlor retained his present attorneys, who made certain criticisms of the provisions of the documents creating the trusts and advised the taking of certain legal steps with respect to related matters, all with the purpose of clarifying the terms of the trusts and minimizing possible tax liabilities. In connection with this endeavor, and in reliance upon section 23 of the Personal Property Law and with the consent of the settlor and all persons beneficially interested in the trust, an amendment to paragraph 4 of the trust document was prepared and executed, reading as follows: “ 4. Should any of the aforesaid Trustees die, resign or become disqualified to act for any reason whatsoever, the survivor or survivors among them shall continue to act as such Trustees with all the powers granted to the Trustees hereunder, except as hereinafter otherwise provided. Any Trustee or Trustees at any time in office may resign by written instrument or instru *847 ments of resignation delivered to the Settlor or, after his death, to the Sister. The Settlor by written instrument or instruments may remove from office any Trustee or Trustees and may appoint any person or persons, other than himself or a related or subordinate party as defined in the United States Internal Revenue Code, and/or any corporation or corporations substitute Trustee or Trustees to act in place of any Trustee or Trustees who may have died, resigned, been removed from office or otherwise have ceased to act.” Pursuant to the authority conferred by this amendment, the petitioner settlor has removed the surviving trustees from their offices and has appointed a substitute trustee. The validity of this action is questioned by Mr. Birdsall. Albert Ehe, the resigned trustee, does not object to what has been done, but appears only to preserve his right to apply for an allowance for legal services. Section 23 of the Personal Property Law reads, so far as material, as follows: “ § 23. Revocation of trusts upon consent of all persons interested. Upon the written consent of all the persons beneficially interested in a trust in personal property or any part thereof heretofore or hereafter created, the creator of such trust may revoke the same as to the whole or such part thereof, and thereupon the estate of the trustee shall cease in the whole or such part thereof.”
It is Mr. Birdsall’s contention that this statute authorizes only a revocation, and not an amendment, particularly one which would have the effect of removing him as trustee without his consent. No precisely similar case appears to have been reported in New York; but the consensus of authority is that the statute relied upon, conferring on all interested parties the power of revocation, includes the power to amend, and that it is unnecessary, for the purpose of removing a trustee, to go through the formality of revoking and re-establishing a trust, thereby subjecting the trust estate to the possible imposition of various taxes. (County Trust Co. v. Young, 287 N. Y. 801, revg. 262 App. Div. 31; O’Hagam v. Kracke, 165 Misc. 4, afifd. 253 App. Div. 632; Chase Nat. Bank v. Mackenzie, 192 Misc. 172, 174; 3 Scott, Trusts [2d ed., 1956], § 331.1; Restatement, Trusts [2d ed., 1959], § 331, Comment g; Ann. 62 A. L. R. 2d 1412.)
The court is not concerned with the possible tax liability arising from what has been done; the settlor and the beneficiaries obviously believe that what is being attempted is to their interest, and the trustee’s contentions have now been called to their attention for any consideration they merit.
Of course, Mr. Birdsall and Mr. Ehe are entitled and obligated to account and claim any compensation and allowances to which *848 they may be entitled; that right will not be limited by any determination made at this stage; nor should there now be any further definition of Mr. Birdsall’s rights with respect to details of the accounting, all of which may be determined hereafter should it become necessary.