Nathaniel T. Helman, J.
This is a motion to compel the defendant to accept the complaint. The cause of action arose on August 27, 1961 and a notice of claim was timely served on November 15, 1961. The plaintiff served a summons on August 24, 1962 and the defendant served a notice of appearance with demand for the complaint on August 28, 1962. The complaint, thereafter served on August 13, 1963 was refused on the ground of late service.
A personal injury action against the Transit Authority must be commenced within one year after the cause of action accrued (Public Authorities Law, § 1212; Heeren v. New York City Tr. Auth., 231 N. Y. S. 2d 993), and an action is commenced by service of a summons (CPLR 304; Sauerzopf v. North American Cement Corp., 301 N. Y. 158, 161). This action therefore was commenced within the statutory period by the timely service of the summons and it is not necessary to serve the complaint within the same period of time (Epstein v. Block, 80 N. Y. S. 2d 279; see, also, Sauerzopf v. North Amer. Cement Corp., supra).
Although the complaint here was not served within 20 days after service of the demand, the plaintiff has presented an acceptable reason for the delay and has shown the existence of a meritorious cause of action. Moreover, it must be noted that subdivision (b) of section 3012 of the Civil Practice Law and Rules does not require that the complaint be served within 20 days after the demand. It merely provides that if not served within that time ‘ ‘ the court upon motion may dismiss the action ” (emphasis supplied). The defendant has not so moved nor has it so cross-moved here. The defendant failed to invoke its remedy and it would be an abuse of discretion to defeat the plaintiff’s cause of action on a matter of procedure (see Wilson v. Phelps, 165 Misc. 455, 457, 459). The motion is granted and the plaintiff shall serve the complaint as here annexed together with a copy of this order with notice of entry within 10 days after publication.