Jack Stanislaw, J.
A summons was served by plaintiff Kreiling January 26, 1966, and on February 10, 1966 defendant Jayne Estates, Inc., through its then attorney Dodge, responded with a notice of appearance and demand for complaint. The action is based upon a previous judgment obtained in November of 1964 against both of these parties which more or less mandated the instant suit. Kreiling’s complaint was not served until May 13, 1966, and then upon defendant’s present attorney, Kaszovitz. On May 26, 1966, Mr. Justice Ritchie signed defendant’s order to show cause staying all proceedings in the action pending the hearing of that motion June 6, 1966. There *896 is a question whether the stay was continued thereafter, but in any event an order finally denying defendant’s application was signed June 20, 1966, filed June 21 and a copy received by defendant’s attorney June 23, 1966. Defendant’s answer to the complaint was then served June 24, 1966. It was returned by plaintiff as untimely and defectively verified.
We have before us now plaintiff’s application for judgment on default based upon defendant’s failure to serve a timely answer or, in the alternative, the answer’s fatal defect by reason of non- or improper verification. Simultaneously defendant has moved to dismiss the complaint because it was not timely served itself, that is, within 20 days of defendant’s appearance and demand.
We will try to wade through this maze of technicalities starting with defendant’s objection to the late service of the complaint. The action may be dismissed for nonservice within 20 days (CPLB 3012, subd. [b]; Valle v. New York City Tr. Auth., 41 Misc 2d 231; cf. Salinger v. Hollander, 19 A D 2d 559). Normally defendant would be clearly entitled to dismissal on motion, there being no room for doubt but that this complaint was served too late. This, however, is not a normal situation. The motion by defendant follows the service of its answer. Notwithstanding plaintiff’s rejection of that pleading, it was actually forwarded and so raises the possibility of waiver regarding the timeliness of the complaint (see 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3012.15; 3 Carmody-Wait 2d, New York Practice, § 20:13). On the other hand, and for all the concentration herein on generally minute detail, it appears to this court, though not argued by the parties, that the complaint was served not upon the attorney appearing for the defendant initially (Dodge) but on its present attorney who had not then been substituted (CPLB 2103, subd. [b]). This raises another, tangential, issue relating to the efficacy of the service of the complaint and as again possibly affected by waiver by answer. Kreiling, in any event, has offered no excuse for the delay in service upon anyone. A complicating factor, the computation of the time allowed for service of an answer, is present though hardly welcome. Defendant computes its time with an interim void, purportedly established by the show cause proceedings, making ultimate service of the answer timely. Plaintiff argues with regard to a lesser length of time said to be covered by that stay.
On plaintiff’s motion we could take refuge in plaintiff’s own apparently tardy service of the complaint, and to the wrong-attorney at that, or its failure to excuse the delay at all, but it *897 seems more appropriate simply to note the mandate of CPLE 104 that the CPLE be liberally construed to secure the just, speedy and inexpensive determination of every civil judicial proceeding.” Taking all the factors noted into consideration, and availing ourselves of the discretion indicated in CPLE 3215 (subd. [a]), the plaintiff’s motion for judgment on default is denied. Defendant’s answer shall be served upon and accepted by plaintiff within 20 days of entry of order herein. The defendant’s motion to dismiss for untimely service of the complaint is similarly denied, here availing ourselves of the discretionary features of CPLE 3012 (subd. [b]) rather than any theory of waiver (note, also, Cohen v. Boykin, 20 A D 2d 632).
Insofar as the issue addressed to the verification of the answer is concerned, defendant’s attorney himself actually affirmed the answer based upon “ conversations had with defendant’s officers and personal knowledge.” Plaintiff’s reliance upon the defective verification is offered to justify treatment of the answer first served as a nullity (CPLE 3022). The answer need not be verified by a corporate officer to the exclusion of all others; an attorney is specifically permitted to do so in certain situations (CPLE 3020, subd. [d], par. 3). That in the instant case the attorney affirmed rather than verified is of slight, if any, consequence (see McKinney’s Cons. Laws of N. Y., Book 7B, CPLE, 3020, Practice Commentary by Professor David D. Siegel). And the somewhat generalized grounds of the attorney’s knowledge given appears nevertheless adequate (CPLE 3021; Capital Newspapers Div.-Hearst Corp. v. Vanderbilt, 44 Misc 2d 542). Yet plaintiff argues that the affirmation-verification failed to state the reason why it was not made by the party. We can tell simply by looking at the address given for the defendant in an allegation of .the complaint admitted by the attempted answer that defendant’s offices are in a county other than where its attorney has his office. So can plaintiff. Defendant’s attorney admits a failure to state, in the body of his affirmation, that the defendant was not within his “ office ” county when it was made (see 4 Carmody-Wait 2d, New York Practice, § 27:41). We could simply point out to defendant’s attorney that the answer heretofore permitted be more cautiously verified (cf. CPLE 3022). That would be the better course to eliminate further hairsplitting, but we must also take note of the probability that (1) the lack of a fully proper verification herein is a defect (CPLE 3022); (2) plaintiff has shown no prejudice to a substantial right; and therefore (3) we may ignore the defect complained of in this verification, CPLE 3026.
Both motions are denied.