Richard J. Cardamone, J.
Plaintiff, Geffen Motors Inc., has made a motion to extend its time to serve a complaint; defendant, Chrysler Corporation, has made a cross motion to vacate the service of the summons.
The plaintiff served a summons on September 26, 1966. Five months and 20 days later, on March 14, 1967, a complaint was served. No motion was made in the interim to dismiss the summons. In April of 1967, immediately after the complaint was returned, the plaintiff moved before this court for an extension of time within which to serve the complaint. At the same time the defendant cross-moved to dismiss the action pursuant to CPLR 3211 (subd. [a], par. 8) (no jurisdiction of the defendant) on the ground that service was improperly made on the defendant corporation under the terms of CPLR 311 (subd. 1) which provides the manner, in which personal service may be made upon a corporation.
*404 It appears from the moving papers before this court that the service of the plaintiff’s summons was made on one John H. McCaffrey, Regional Manager of Chrysler Motors Corporation, and not an officer, agent or a person authorized to accept service on behalf of Chrysler Corporation. The defendant further alleges that the distinctions between Chrysler Motors Corporation and Chrysler Corporation were well known to the plaintiff. Petitioner claims that Chrysler Motors Corporation is a wholly owned subsidiary and a mere sales agent for Chrysler Corporation.
Most of the business over the years and the contract which granted an automobile franchise to the plaintiff were with Chrysler Motors Corporation. The De Soto, Plymouth Direct Dealer Agreement which was executed by the plaintiff was executed by Chrysler Motors Corporation, a Delaware corporation, on May 6,1957. Moreover, all the correspondence attached to the defendant’s reply affidavit is correspondence with Chrysler Motors Corporation. The Syracuse telephone directory lists Chrysler Corporation at 840 James Street in Syracuse and Chrysler Motors Corporation at the same address.
It appears to this court that the party to be served was the Chrysler Corporation and that the service upon Mr. McCaffrey sufficiently gave notice to Chrysler Corporation of the action that was instituted. Inadvertent and mistaken service upon McCaffrey should not permit Chrysler Corporation to complain where it obviously had notice of the claim made by the plaintiff. Particularly is this true where the party served (an agent of Chrysler Motors Corporation) and the party who should have been served (Chrysler Corporation) are really the same entities in different guises (1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 305.16). Here it is plain from the facts revealed in the moving papers that Chrysler Motors Corporation is a mere arm of Chrysler Corporation and service upon the one is sufficient as service on the other. (Taca Int. Airlines v. Rolls-Royce of England, 15 N Y 2d 97.) The relationship between the two corporations is such as to lead irresistibly to the inference that notice to Chrysler Motors Corporation would be promptly transmitted to Chrysler Corporation. (Goodman v. Pan American World Airways, 1 Misc 2d 959, 965.) Therefore, service upon the agent of the Chrysler Motors Corporation should be deemed effective service upon the defendant Chrysler Corporation. The moving and answering papers before this court do not indicate that Chrysler Corporation was prejudiced by the actual method of service (Boryk v. deHavilland Aircraft Co., 341 P. 2d 666, 669).
*405 The court has the discretionary power to permit the late service of this complaint beyond the 20-day period fixed (CPLR 3012, ,subd. [b]) upon good cause shown and regardless of whether the application is made before or after the expiration of the time fixed (CPLR 2004). The affidavit of the plaintiff’s attorney shows an absence of willfulness; the delay is satisfactorily explained by the complexity of the litigation and the evidence of the plaintiff’s principal who is a person over 75 years of age. The promptness within which plaintiff has moved for an extension of time when the complaint was returned by the defendant, obviates any question of laches. The defendant did not move when it failed to receive plaintiff’s complaint within 20 days; instead it chose to do nothing until served and then refused to accept the complaint. The literal reading of the statute does not require an interpretation that the complaint must be served within the 20 days after the demand, but it merely provides that if it is not served within that time the court “ upon motion may dismiss ”. (Valle v. New York City Tr. Auth., 41 Misc 2d 231, 232.)
The plaintiff’s motion for an extension of time within which to serve its complaint is granted. The defendant’s cross motion to dismiss the summons is denied.