CHASE, COLLIN, HOGAN, CARDOZO, MCLAUGHLIN and CRANE, JJ., concur.

Order reversed, etc.

---

In the Matter of the Application of FRANK S. SENIOR et al., Appellants, against EDWARD F. BOYLE et al., Constituting the Board of Elections of the City of New York, Respondents.

**Constitutional law — coroner — New York (city of) — statute abolishing office of coroner in Greater New York not in conflict with State Constitution.**

The statute (L. 1915, ch. 284) abolishing the office of coroner in Greater New York, and establishing therein the office of chief medical examiner to be appointed by the mayor, is not in conflict with the home rule provision of the State Constitution (Art. 10, § 2).

*Matter of Senior* v. *Boyle*, 179 App. Div. 746, affirmed.

(Argued October 30, 1917; decided October 31, 1917.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department

entered October 26, 1917, which affirmed an order of Special Term denying a motion for a peremptory writ of mandamus to compel the board of elections of the city of New York to print upon the official ballots the names of petitioners as candidates for the office of coroner for the borough of Brooklyn, to be voted for at the general election of 1917.

The facts, so far as material, are stated in the opinion.

*Edgar F. Hazleton* and *Joseph B. Clark* for appellants. The office of coroner prior to the Constitution of 1894, which took effect on January 1, 1895, was a constitutional office. (*People* v. *Blair,* 47 N. Y. Supp. 495.) Although the office of coroner was no longer a constitutional one after the enactment of the Constitution of 1894, still it falls within section 2 of article 10 of the Constitution, which is known as the home rule section. (*People* v. *Blair,* 47 N. Y. Supp. 495; *People* v. *Scholer,* 87 N. Y. Supp. 1122; *People* v. *Albertson,* 55 N. Y. 50; *People* v. *Pelham,* 215 N. Y. 374.) Chapter 284 of the Laws of 1915, which abolished the office of coroner in the city of New York and established in its place the office of chief medical examiner of the city of New York, is unconstitutional and void in that it is in conflict with the provisions of section 2 of article 10 of the Constitution. (*People* v. *Tax Comrs.,* 174 N. Y. 434; *People* v. *Pinckney,* 32 N. Y. 377; *Morgan* v. *Furey,* 188 N. Y. 202; *People* v. *Raymond,* 37 N. Y. 428.)

*Lamar Hardy, Corporation Counsel* (*George A. Green* and *Thomas F. Magner* of counsel), for respondents. The certificate was properly rejected by the board of elections. The office of coroner ceased to be a constitutional office at the time of the adoption of the present Constitution and became a city office. (*People ex rel. Burger* v. *Blair,* 21 App. Div. 213; 154 N. Y. 734; *Schultze* v. *City of N. Y.,* 152 App. Div. 39; 211 N. Y. 552; *People*

*ex rel. Hillmann* v. *Scholer,* 94 App. Div. 282; 179 N. Y. 602.)

POUND, J. " The coroner's is also a very ancient office at the common law " (1 Blackstone, 346), dating from an ordinance of the year 1194 or before then. (1 Pollock & Maitland [2d ed.], 534.) The principal duty of the coroner is to hold an inquisition, with the assistance of a jury, over the body of any person who may have come to a violent death in his county. The office and power of a coroner are " principally judicial." (1 Blackstone, 348; *People* v. *Jackson,* 191 N. Y. 293.) Notwithstanding the ancient and dignified nature of the office, modern ideas of efficient administration of criminal justice have suggested that it be done away with. Coroners were abolished in Massachusetts in 1877 and " able and discreet men learned in the science of medicine " are appointed to be medical examiners to make autopsies and report cases of violent death to a justice of the district. (Revised Laws of Mass. ch. 24.) In New York the office of coroner ceased to be a constitutional office in 1894. By chapter 378, Laws of 1897, the charter of Greater New York, the office of county coroner in the new city was abolished (*People ex rel. Burger* v. *Blair,* 21 App. Div. 213; affd., 154 N. Y. 734), and the powers of the county coroners were vested in borough officers who were held to be city officers. (*Schultze* v. *City of New York,* 152 App. Div. 39; affd., 211 N. Y. 552.)

By chapter 284, Laws of 1915, the office of coroner in Greater New York was abolished, to take effect January 1, 1918, and the office of chief medical examiner of the city of New York was established to be filled by appointment by the mayor. The duty of such chief medical examiner and his assistants is to investigate the circumstances of all violent and suspicious deaths and to file

a written report thereof in his office and to make autopsies if necessary. Appellants contend that the act is unconstitutional and void, as being in conflict with the home rule provision of section 2 of article 10 of the Constitution of the state of New York. Even if the duties of coroner devolved in their entirety upon the chief medical examiner, the legislature had full power to provide that the duties of such office should be exercised by an officer to be appointed by the mayor rather than by several officers to be elected by the boroughs. (*People ex rel. Metr. St. Ry. Co.* v. *State Board of Tax Commissioners*, 174 N. Y. 417, 434, 435.) City officers may be appointed " by such authorities thereof, as the Legislature shall designate for that purpose." Section 2 of article 10 of the Constitution recognizes counties, cities, towns and villages, but gives no right of local self government to boroughs as such. But the characteristic features of the office and power of a coroner (Code of Crim. Pro. §§ 773–790) are not retained. The chief medical examiner acts without a jury, holds no inquest, renders no decision, holds no one to answer, issues no warrant of arrest. The ancient office is gone and the ancient duties have largely disappeared with it. Another method of investigating suspicious deaths has supplanted crowner's quest. No valid objection on constitutional grounds appears to the change.

The order appealed from should be affirmed, with costs.

HISCOCK, Ch. J., COLLIN, CUDDEBACK, HOGAN, McLAUGHLIN and ANDREWS, JJ., concur.

Order affirmed.