In the Matter of ERNEST L. SCHWAB, Appellant, against JOHN J. McELLIGOTT, as Commissioner of the Fire Department of the City of New York and as Trustee of the New York Fire Department Relief Fund, et al., Respondents.

Submitted January 8, 1940; decided March 5, 1940.

*George Rosling* for appellant. The Fire Commissioner's determination as to whether or not the disability of petitioner is service connected is reviewable under article 78 of the Civil Practice Act. (*Hodgins* v. *Bingham,* 196 N. Y. 123; *Matter of Brand* v. *Teachers' Retirement Board,* 163 Misc. Rep. 217; *People ex rel. Young* v. *Sturgis,* 85 App. Div. 20;

176 N. Y. 563; *People ex rel. Cunningham v. Hayes*, 66 Misc. Rep. 531; *Matter of Walsh v. McElligott*, 169 Misc. Rep. 457.)

*William C. Chanler, Corporation Counsel (Charles F. Murphy* of counsel), for respondent. The Fire Commissioner acted within his administrative discretion in retiring petitioner pursuant to section B19–5.0 of the Administrative Code (L. 1937, ch. 929). There is nothing in the record to show any abuse of discretion. The petition was properly dismissed. (*Matter of Sheridan v. McElligott*, 278 N. Y. 59; *Matter of Strauss v. Hannig*, 256 App. Div. 662; 281 N. Y. 612; *Matter of Potts v. Kaplan*, 264 N. Y. 110; *Matter of Nash v. Brooks*, 276 N. Y. 75; *Matter of Phillips v. McElligott*, 279 N. Y. 792; *Matter of Walsh v. McElligott*, 169 Misc. Rep. 457.)

LEWIS, J. The petitioner, a lieutenant in the Fire Department of the City of New York, with service in excess of twenty-five years to his credit, has been retired by the respondent Fire Commissioner by an order awarding a pension which the petitioner contends is less than the amount to which he is entitled as of right under chapter 19, title B, article I, section B19–5.0 of the Administrative Code. (L. 1937, ch. 929, p. 304.)

Resisting his retirement thus directed and objecting to the amount of the pension, the petitioner instituted this proceeding under article 78 of the Civil Practice Act to review the respondents' order. The proceeding reaches us upon the petitioner's appeal, by leave of this court, from an order of the Appellate Division unanimously affirming an order of the Supreme Court which denies the petitioner's prayer for relief and grants the respondents' cross-motion to dismiss the petition under section 1293 of the Civil Practice Act.

As the petition was dismissed at Special Term by reason of its legal insufficiency, our inquiry will proceed upon the assumption that the following facts alleged therein are true: On April 10, 1937, while responding with his company

to a fire call, the petitioner fell through a floor opening in the burning building and sustained personal injuries which partially and permanently disabled him. Since that time he has been unable to perform active service as a member of the uniformed force of the Fire Department but is able to perform such " light duties " as are assigned to officers or members similarly situated.

Prior to the commencement of this proceeding and in accord with an order of the respondent Fire Commissioner, the petitioner appeared before a board of medical officers of the Fire Department assigned to examine the petitioner as to whether he was disqualified physically or mentally for service as a member of the uniformed force. Thereafter the medical officers reported that the petitioner was totally and permanently disqualified physically for the performance of active duties and that such disqualification was not caused or induced by the active performance of the duties of his position. Thereupon the respondent Fire Commissioner directed the petitioner's retirement by an order which also awarded him an annual pension of $1,950, being one-half the annual salary he had been paid immediately prior to the date of such order. The petitioner has since been divested of the insignia of his office, forbidden to perform duties incident thereto and has been dropped from the rolls of the Department. Among other forms of relief sought by this proceeding, he demands reinstatement in the Department or an order declaring that his injuries were sustained in the performance of duty, thus entitling him to a pension equal to three-fourths of his annual salary at the date of his retirement.

The respondents did not serve an answer to the petition. Instead, as was their right under section 1293 of the Civil Practice Act, they moved for an order dismissing the petition as a matter of law, upon the ground that it failed to state facts sufficient to constitute a cause of action. Under settled law relating to such procedure ( *Nevins, Inc.,* v. *Kasmach,* 279 N. Y. 323, 325; *Lamb* v *Cheney & Son,* 227 N. Y. 418, 420) the respondents thus admitted the facts

outlined above and in addition conceded the truth of facts asserted in the allegation by the petitioner that " The report of such medical officers and the order of the respondent, Fire Commissioner, based thereon are not founded on fact and are in derogation of valuable property rights which have accrued to petitioner by reason of his service in such Fire Department of the City of New York, and are in violation of law, arbitrary, capricious and an abuse of any discretion."

The respondents have thus placed themselves in an anomalous position. In support of the order here on appeal they ask us to rule that the Fire Commissioner's order, which is based on a report by the board of medical officers and directs the petitioner's involuntary retirement, was in the exercise of discretion and accordingly not reviewable. But such a ruling would be inappropriate to the present record which, as we have seen, contains respondents' admission that the report of the medical officers was not founded on fact, from which it follows that the order of the Fire Commissioner based thereon was necessarily arbitrary and capricious.

The field is limited within which the discretion of an administrative officer or board may be exercised unhampered by judicial review. (*People ex rel. Schau* v. *McWilliams,* 185 N. Y. 92, 100.) We think that limit is surpassed by the present record. In the absence of a clear expression by the Legislature to the contrary, the courts may review the exercise of a discretionary power vested in an administrative officer or body to determine whether the case discloses circumstances which " leave no possible scope for the reasonable exercise of discretion in such manner."/ (*Matter of Durr* v. *Paragon Trading Corp.,* 270 N. Y. 464, 469; *People ex rel. Lodes* v. *Department of Health,* 189 N. Y. 187, 194; *Matter of Larkin Co.* v. *Schwab,* 242 N. Y. 330, 334, 335; *Matter of Leone* v. *Brewer,* 259 N. Y. 386, 390; *Matter of Picone* v. *Comr. of Licenses,* 241 N. Y. 157, 160–162; *Matter of Small* v. *Moss,* 277 N. Y. 501, 513; *People ex rel. Sweeney* v. *Rice,* 279 N. Y. 70, 73.)

The position of the respondents is not fortified by the rulings in *Matter of Sheridan* v. *McElligott* (278 N. Y. 59) and *Matter of Phillips* v. *McElligott* (279 N. Y. 792) upon which rest the decision at Special Term and the affirmance by the Appellate Division. In each of those cases an allegation in the petition of an abuse of discretion was met by a denial in an answering affidavit and the issue thus tendered was tried before a jury. In each instance, however, the evidence offered by the petitioner was insufficient to support a finding that discretion had been abused. The dismissal in each instance followed a failure of proof — not a failure to state a cause of action — and made applicable the rule that " The mere existence of differences of opinion as to the petitioner's physical fitness would not warrant a finding by this court that a determination made by the Board to act on the advice of its own medical staff was arbitrary or capricious." (*Matter of Strauss* v. *Hannig*, 256 App. Div. 662, 664; affd., 281 N. Y. 612.)

The orders should be reversed, with costs in all courts, and the respondents' cross-motion to dismiss the petition pursuant to section 1293 of the Civil Practice Act denied, with leave to the respondents to serve an answer within ten days after the service upon them of a copy of the order entered upon this appeal and notice of entry thereof.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, SEARS and CONWAY, JJ., concur.

Ordered accordingly.