In the Matter of the Application of John A. Farrell, for an Order under Article 78 of the Civil Practice Act, Appellant, against Harry M. Scoble, as Chairman, and Mary E. Sundermeyer and Arthur Falk, as Members, and George Boardingham, as Secretary, of the Municipal Civil Service Commission of the City of New Rochelle, Respondents.— In a proceeding to review a determination of the municipal civil service commission of the city of New Rochelle rejecting the application of petitioner for the position of fireman on the ground of failure to pass a medical examination, order denying petitioner's motion and dismissing the proceeding, reversed on the law, with ten dollars costs and disbursements, and motion granted, unless respondents serve an answer within ten days after the service upon them of a copy of the order to be entered upon this appeal, with notice of entry thereof, in which event the order is modified by striking out the provision dismissing the proceeding, and the provision for a stay. As thus modified, the order is unanimously affirmed, without costs. In the light of the allegations of the petition, a question of fact is presented as to whether or not petitioner was rejected solely because of failure to conform to the fifteenth requirement of the respondents, and whether or not the determination that he did not so conform was a reasonable exercise of discretion. It is alleged in the petition, in effect, that the sole ground for rejection was an unfavorable urinalysis report upon his re-examination. It is further alleged that the maker of this report, which was accepted at face value, rendered contradictory and favorable reports as to the petitioner. If these allegations are true, that fact warrants the conclusion that acceptance of the report in question resulted in an arbitrary and unreasonable rejection. (*Matter of Schwab* v. *McElligott*, 282 N. Y. 182.) We deem the stay of appointment of firemen, as sought by petitioner, to be contrary to the public interest. Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ., concur.