In the Matter of CLAUDE H. BULLIS, Respondent, against C. CHESTER DU MOND, as Commissioner of Agriculture and Markets of the State of New York, Appellant.— The Commissioner of Agriculture and Markets has appealed from an order of the St. Lawrence Special Term of the Supreme Court, which denied his motion as a matter of law. The petition shows that Raquette Valley Dairies, Inc., is a' milk dealer licensed by the commissioner; that petitioner is a licensed milk dealer maintaining a pasteurization plant at Colton, New York, and making deliveries of milk in Colton and South Colton and that he has been engaged in the sale of milk and milk products in such towns since 1933. On October 31, 1947, petitioner was notified by the Department of Agriculture and Markets that a hearing was to be held on November 12, 1947, in the office of the Division of Milk Control on application of Raquette Valley Dairies, Inc., to permit it to extend its license to various new localities including Colton and South Colton. At the time of hearing an officer of Raquette Valley Dairies, Inc., appeared and testified that his company desired to extend its license to the new localities. Petitioner appeared in opposition to the application and testified that he was a milk dealer and financially equipped to serve the territories of Colton and South Colton with an adequate and approved source of supply of milk and that if the extension were granted he would be unable to continue to operate his business. Subsequently and on December 17, 1947, petitioner was notified that the application of Raquette Valley Dairies, Inc., was granted. Thereupon petitioner instituted this proceeding under article 78 of the Civil Practice Act to review the determination. The commissioner filed no answer to the petition but moved to dismiss the proceeding on the sole ground that petitioner has no legal ground to maintain it. The Special Term overruled this contention and held in effect that petitioner is an aggrieved party and that he should have a hearing on the merits. We approve of that determination. Order unanimously affirmed, with $25 costs and disbursements. Present — Hill, P. J., Heffernan, Brewster, Russell and Deyo, JJ.

In the Matter of RICHARD KAPF, Petitioner, against C. CHESTER DU MOND, as Commissioner of Agriculture and Markets of the State of New York, Respondent.— Motion for leave to appeal to the Court of Appeals denied, without costs. Present — Hill, P. J., Heffernan, Foster, Russell and Deyo, JJ. [See ante, p. 868.]

ALBERT RINDFLEISCH, Appellant, v. LILLIAN KELSEY et al., Respondents.— Appeal by plaintiff from judgments in favor of defendants dismissing his complaint, entered upon a no cause of action verdict by a trial jury, at a Canton Trial Term [St. Lawrence Co.], and from an order denying his motion to set the verdict aside and for a new trial. The action is in negligence. Implicit in the verdict are findings either, or both, that there was a failure of proof as to plaintiff's contributory negligence or that defendants were not shown guilty of any negligence which caused the plaintiff's injuries. If the latter was the jury's finding it was without sufficient support in the evidence. If the verdict was based upon a finding of proof as to plaintiff's freedom from contributory negligence we consider that it was against the weight of the credible evidence, and upon the foregoing grounds and in the interest of justice the verdict should have been set aside. Judgments and order reversed on the facts and a new trial ordered, with costs to appellant to abide the event. Hill, P. J., Heffernan, Brewster and Foster, JJ., concur; Deyo, J., dissents on the ground that the record presented purely questions of fact for the jury.