In the Matter of DAIRYMEN'S LEAGUE COOPERATIVE ASSOCIATION, INC., Petitioner, against C. CHESTER DU MOND, as Commissioner of Agriculture and Markets of the State of New York, et al., Respondents.

Supreme Court, Special Term, Albany County, February 4, 1952.

*Donald L. Brush* and *Robert G. Blabey* for C. Chester Du Mond, as commissioner, respondent.

*Joe Schapiro* for Queensboro Farm Products, Inc., respondent.

*Maurice Appleton Gellis* for petitioner.

BOOKSTEIN, J. This is an article 78 proceeding to review the determination of respondent, Commissioner of Agriculture and Markets (hereinafter referred to as Commissioner), extending the Milk Dealer's License of respondent, Queensboro Farm Products, Inc., (hereinafter referred to as Queensboro).

Both respondents move to dismiss the petition because the petition is not duly verified, contending that the result is an unverified petition, in spite of the fact that a verified petition is essential to institute this proceeding. (Civ. Prac. Act, § 1288.)

Petitioner contends that the verification is only technically defective and that the court has the power to correct the defect and requests that the court permit the defect to be cured. Petitioner attempted to verify the petition but it was done erroneously, the same being executed in the manner in which a certificate of acknowledgment would be executed rather than in the manner in which a verification should be executed. This does not produce the same result as a petition without any verification at all, either correct or defective. Rather, it is such a defect as the court has the power to permit to be corrected. (Civ. Prac. Act, § 1294.) Petitioner's application to be permitted to cure the defect by the substitution, *nunc pro tunc,* of a corrected verification in the place of the defective one, is granted.

Both respondents move also to dismiss the petition on the ground, *inter alia,* that petitioner was not a party to the proceedings before the Commissioner and, hence, has no status to institute this proceeding to review his determination.

On this motion, the truth of the allegations of the petitioner must be deemed as admitted. (*Matter of Schwab* v. *McElligott,* 282 N. Y. 182, 185.)

Petitioner relies on the determination in *Matter of Bullis* v. *Du Mond* (274 App. Div. 951) as controlling authority for it to institute and maintain this proceeding.

In the *Bullis* case (*supra*) another licensed milk dealer applied for an extension of its license to new localities, for some of which Bullis already had a milk dealer's license. Bullis was notified by the department that a hearing would be held upon the application and that he was invited to be present to oppose the application. He did so but without avail and the application was granted. He then instituted an article 78 proceeding to review the determination and, as here, was met by a motion to dismiss, on the ground that he was not a party entitled to review the determination. Special Term denied the motion on the ground that Bullis was an " aggrieved party" and the Appellate Division affirmed that determination (274 App. Div. 951).

When the matter was reached upon the merits, the same proposition was again urged upon the Appellate Division. In its final disposition, the Appellate Division, on that issue, took special pains to say: " We adhere to our former decision, but add that the effect thereof is to be strictly limited to the procedural facts disclosed on the former appeal." (*Matter of Bullis* v. *Du Mond,* 276 App. Div. 882, 883.)

As section 258-c of the Agriculture and Markets Law read at the time of the *Bullis* decisions, it required notice of a hearing to be given to the applicant *only.* As section 258-d of the same law read, *it did not expressly limit the right to review to an applicant only.*

As I apprehend the determinations in the *Bullis* case, the Appellate Division meant that, while the Commissioner was not required to make Bullis a party to the proceeding, he voluntarily did so; that, therefore, an adverse determination made him an *aggrieved party,* and hence he was a proper party, entitled to institute a proceeding for review under the then section 258-d of the Agriculture and Markets Law, which did not expressly limit the right to review, to an applicant for a license.

In other words, the Appellate Division, in sustaining the right of Bullis to maintain his proceeding, did so because of the foregoing procedural facts and expressly limited the effect thereof to such " procedural facts ".   •

After the determination in the *Bullis* case, in 1950, section 258-c was amended. (L. 1950, ch. 502.)

Section 258-c, as amended in 1950, provides for notice of a hearing *to an applicant only,* which is the same situation as

existed, prior to such amendment. Its principal change is to place on the Commissioner, instead of on the applicant, the burden of proof, to sustain his ultimate action. See Governor's Memorandum on approval of the amendment in annotation to section 258-c (McKinney's Cons. Laws of N. Y., Book 2-B [1951 Cumulative Pocket Part], p. 118).

Petitioner contends that it is in the same position as was Bullis. This contention is advanced on the basis of the allegation that respondent Commissioner sent to petitioner a notice of the hearing upon the application of respondent, Queensboro, for an extension of its license. The notice in question is annexed to the petition as Exhibit " A ". An examination of the exhibit shows it to be merely a copy of the notice to respondent, Queensboro, of the hearing to be held upon its application. Unlike the letter to Bullis, it was not an invitation to petitioner to appear as a party in opposition to the application of Queensboro. It is not directed to petitioner but rather to Queensboro, although the copy was mailed to petitioner.

In the affidavit of petitioner's attorney in support of petition herein, he set forth a copy of a circular letter to all milk dealers, dated May 12, 1950, from the Director of the Division of Milk Control of the Department of Agriculture and Markets, which, among other things states:

" As in the past, we will endeavor to inform those whom we think may be interested concerning hearings to be held. Our attorneys advise us that the applicant and the Division of Milk Control *should be the only parties to such a hearing, and that only those who are called as witnesses for one or the other of such parties should be permitted to testify. If you wish to oppose the granting of a license or an extension of a license, you should communicate with the Division's Hearing Representative well in advance of the hearing and acquaint him with any evidence you wish to present* ".

"*Our Hearing Representative will welcome any suggestions which you or your attorney may care to make prior to the hearing, but under the procedure to be followed neither you nor your attorney may examine or cross-examine witnesses at the hearing.*"

"*Our purpose in writing you is to acquaint you with the procedure to be followed and to avoid misunderstandings in so far as that is possible.*" (All emphasis supplied.)

Quite obviously the copy of the notice of hearing directed to respondent Queensboro, which was mailed to petitioner, was

mailed pursuant to the policy and procedure outlined in the aforesaid circular letter of May 12, 1950, and not, as in the *Bullis* case, as a specific invitation to petitioner to become a party to the hearing upon the application of respondent, Queensboro.

It is equally obvious that the circular letter of May 12, 1950, and the form of the notice to petitioner of the hearing on the application of Queensboro, were expressly designed to avoid the procedural shoals in which respondent, Commissioner, found himself in the *Bullis* case.

The criticism that the procedure employed represents the will of counsel to the department rather than that of the Legislature cannot be justified in view of the fact that the procedure merely implements the procedure, *as to who should be parties to a proceeding on an application for a milk license or its extension,* as expressly declared by the Legislature in section 258-c of the Agriculture and Markets Law. The procedure outlined limits the parties to such a hearing to the Division of Milk Control and the applicant; all other interested persons *may be witnesses but not parties.* By the present procedure, the Commissioner successfully avoids the '' procedural facts '' which enabled the petitioner in the *Bullis* case to maintain his proceeding to review. At the same time, it affords *interested persons* an opportunity to present evidence, *as witnesses but not as parties,* for consideration by the Commissioner in arriving at his determination.

Petitioner may be an *aggrieved person;* it is not an *aggrieved party.*

Motion to dismiss petition granted.

The attorney for the Commissioner is to submit one order for both respondents.

All papers to attorney for Commissioner, except County Clerk's file, which is being transmitted to the County Clerk.