Arthur D. Brennan, J.
In this proceeding brought pursuant to article 78 of the Civil Practice Act, the petitioner seeks to review and annul the determinations of the Medical Examiner of this county and her assistant wherein in a certain report of death as well as in a certain amended certificate of death (both relating to the death of the petitioner’s deceased husband) they expressed and reported their opinion that the cause of said decedent’s death was suicide and that certain other factors existed at the time of, or were the cause of, said death.
Upon the return of this proceeding, the petitioner renewed the demand contained in her petition that a jury trial of the *725 issues herein be had, and the respondents herein took the position that the acts and determinations of the Medical Examiner and her assistant are not subject to judicial review; accordingly, at said return, these respondents orally moved to dismiss the petition for legal insufficiency. With respect to the latter motion, this court is of the view that where, as here, the Medical Examiner acts pursuant to section 363 of the Westchester County Administrative Code (L. 1948, ch. 852, as amd.), such officer performs a combination of administrative and quasi-judicial acts which involve the exercise of discretion or judgment and that the courts may review said acts in order to determine whether the discretion or judgment has been exercised in an arbitrary or capricious manner. (Cf. Matter of Schwab v. McElligott, 282 N. Y. 182, 186; Matter of Jeanpierre v. Arbury, 4 N Y 2d 238.) The aforesaid preliminary motion to dismiss for legal insufficiency is therefore denied.
Turning now to a consideration of the merits presented by the petition, returns and affidavits herein, it appears that under the aforesaid section 363 of the Westchester County Administrative Code, the Medical Examiner is required, in the case of death occurring (in this county) by reason of unlawful act, criminal neglect, violence, casualty, or by sudden or unexplained circumstances, to make or cause to be made examinations of the body of the deceased and of the facts and circumstances relating to the manner and cause of death and upon the completion of such examinations, said examiner is obligated, among other things, to issue and file a proper death certificate as well as a report of the condition of the body, the manner and the cause of death. The petitioner has made and served no reply or replying affidavits which in anywise controvert those material facts contained in the returns herein which show: (1) the nature and details of the examination which was made and had of the decedent’s body by the Assistant Medical Examiner; and (2) the nature and details of the full investigation of the facts and circumstances relating to the manner and cause of death, made by the Police Department of the City of Bye, all of which were reported to and considered by the Medical Examiner and her assistant. Nor, for that matter, does the petitioner assert that the subject determinations were not based upon the afore-mentioned examination and investigation. In fact, the sole grounds upon which the petitioner urges that said determinations were arbitrary and capricious, are: (1) That the aforesaid investigation upon which the respondent examiners relied, was not personally made by either of them; (2) that the said investigation upon which said respondents *726 relied was based upon hearsay and not upon evidence which was competent and direct; and (3) that since said investigation was not founded on such competent and direct evidence as was sufficient to establish suicide and to overcome that common-law rule of evidence which provides for a presumption against suicide, the subject determinations were and are unauthorized in law and were and are arbitrary and capricious.
In this court’s view, these contentions may not be sustained. With respect to the first afore-mentioned claim, it is clear from the very provisions of the said section 363 of the Administrative Code that any examination or investigation therein required to be made, need not be made by the examiner personally but said officer may cause the same to be made by any person or department who or which is able to do so competently. With respect to the last two afore-mentioned grounds, it is important to remember that the provisions of said section 363 consist of police regulations required for public safety and public purposes and that in making or causing to be made the investigation therein required, the Medical Examiner is not bound by those salutary common-law rules of evidence which exclude all hearsay and furnish the benefit of the well-recognized presumption against suicide. These rules of evidence relate and are applicable to the judicial determination of controversies of private parties growing out of contract. Indeed, the inapplicability of these rules to an investigation of the subject character made for the purposes of the subject section of the Administrative Code constitutes one of the several reasons for the majority rule that the report and findings even of a coroner are ordinarily inadmissible in a civil action wherein the issue of suicide exists. (See Louis v. Connecticut Mut. Life Ins. Co., 58 App. Div. 137, affd. 172 N. Y. 659; Ann. 28 A. L. R. 2d 352 et seq.) And in this connection, it may be noted that the powers and duties of the office of coroner were more extensive and embracing in their nature and scope than those of the Medical Examiner; thus, by reason of the characteristic and more extensive features thereof, the office and power of a coroner were held to be “ principally judicial ”. (Matter of Senior v. Boyle, 221 N. Y. 414.)
In the opinion of this court, the examination and investigation made and caused to have been made by the respondent examiners herein provided an adequate and reasonable basis for each of them to express (in the subject report and amended death certificate) their opinion as to the manner and cause of the decedent’s death. Since such an adequate and reasonable basis exists for the determinations made, the same may not be held to be arbitrary or capricious. It should also be observed *727 that where, as here, the material facts upon which the said respondents acted in the exercise of the judgment reposed upon them by statute have not been controverted or disputed by the petitioner, no trial by jury need be had and the matter may and should be disposed of by the court alone. (Matter of Snetlage v. O’Connell, 271 App. Div. 1015, affd. 297 N. Y. 707; Matter of Pichacs v. O’Connell, 272 App. Div. 755, affd. 297 N. Y. 981.)
Accordingly, the application is denied and the petition is dismissed, but without costs. Submit order.