Gteorge M. Fanelli, J.
In this article 78 proceeding brought under the Civil Practice Law and Rules (eff. Sept. 1, 1963) petitioners seek: (1) to restrain three hearing commissioners of the State Commission for Human Rights from conducting a hearing authorized under article 15 of the Executive Law (known as the “ Law Against Discrimination ”) on a complaint by an aggrieved person alleging unlawful discriminatory practice; (2) to dismiss the intermediate “ Decision and Determination ” made by the investigating Commissioner, wherein he found probable cause to credit the allegations of the complaint, and referred the matter for a public hearing, and also to dismiss the complaint and amended complaint filed by the person aggrieved; and (3) to transfer this proceeding to the Appellate Division, Second Judicial Department for disposition pursuant to subdivision (g) of section 7804 of the Civil Practice Law and Rules. Respondent, State Commission for Human Rights cross-moves to dismiss the petition because of legal insufficiency.
The novel question now before the court is whether the said intermediate decision and determination made by the investí *441 gating Commissioner, wherein he found that there was ‘ ‘ probable cause to credit the allegations of the complaint ” filed by one Harold Mitchell regarding alleged unlawful racial discriminatory practices by petitioner union and an employer, are reviewable in an article 78 proceeding. It is petitioners’ position that such decision and determination were arbitrary, capricious and unsupported by substantial evidence and should, therefore, be judicially reviewed by this court or transferred to the Appellate Division.
The court is of the opinion that petitioners’ contention in this regard is not well taken. The finding of probable cause by the investigating Commissioner did not finally determine the rights of the parties to this proceeding and, consequently, such determination may not be reviewed in an article 78 proceeding (CPLR, § 7801, subd. 1). It is understandable, as pointed out by the Court of Appeals in Matter of Jeanpierre v. Arbury (4 N Y 2d 238) that a dismissal of a complaint filed by an alleged aggrieved person upon a finding by the single investigating Commissioner that probable cause did not exist for crediting the allegations of the complaint, is reviewable by the Supreme Court. In the case of a dismissal, and insofar as the aggrieved person is concerned, such dismissal and finding of no probable cause is a final order since he is thus deprived of a formal hearing at which testimony could be taken under oath and transcribed and, at which hearing he would have an opportunity to prove his alleged charges of unlawful discriminatory practice. While it would seem from a reading of section 298 of the Executive Law that no specific provision is made for judicial review of such an intermediate dismissal — decision and determination by the investigating Commissioner upon a finding that probable cause did not exist — yet, the Court of Appeals (Matter of Jeanpierre v. Arbury, supra, p. 240) in holding that the complainant was entitled to a review, said: “ The rule is well settled that, in the absence of a 1 clear expression by the Legislature to the contrary ’, the courts may review the discretionary act of an administrative officer or body to determine whether the discretion has been exercised in an arbitrary or capricious manner (Matter of Schwab v. McElligott, 282 N. Y. 182, 186)”. Such a judicial review was, as pointed out by Mr. Justice Feasts, in his dissenting opinion (Matter of Jeanpierre v. Arbury, 3 A D 2d 514) not by virtue of section 298 of the Executive Law, but rather under article 78 of the Civil Practice Act (now CPLR, art. 78).
The situation in the proceeding at bar, however, is entirely different. Unlike the aggrieved person in the Jeanpierre case *442 (supra) who merely sought a hearing and art opportunity to prove his charges of discrimination before the three Commissioners at a plenary hearing, the objecting petitioners here seek to prevent and restrain the commission from conducting such hearing. While the Court of Appeals in the Jecmpierre case (supra) did ultimately pass upon the merits of the complaint adversely to the person aggrieved and did in the end dismiss his complaint, still it did not foreclose him from seeking some judicial tribunal which would pass upon the merits of the controversy and the acts of the officials passing upon them. The finding of probable cause merely means that the investigating Commissioner has “ a justifiable basis for believing that a certain state of facts probably exists, derived from reasonable inquiry or other credible information ” (cf. Walling v. Benson, 137 F. 2d 501, 506). Here, the petitioner union will still have an opportunity to challenge and disprove the charges, if it can, made by the complainant Mitchell at a plenary hearing and will thus in effect have the opportunity to reverse the finding of probable cause for crediting the allegations of the complaint made by the investigating Commissioner. Not only may it offer sworn testimony on its own behalf, but it will also have the opportunity to cross-examine the complainant and his witnesses. It may well be that upon the conclusion of the hearing the complaint will ultimately be dismissed (§ 297). On the other hand, if upon all the evidence the commission should find that petitioners have engaged in unlawful discriminatory practice and a cease and desist order is entered, then petitioners, by virtue of the procedure outlined in section 298, may still seek a judicial review of such order in the Supreme Court.
In the instant proceeding, an answer to the amended complaint has already been served. Issue has been joined and the parties should proceed with the hearing. Accordingly, respondent’s cross motion is granted and the petition is dismissed, but without costs.