■ Louis Cremonese, Respondent, v. City of New York, Appellant.— In an action to recover damages for injury to plaintiff's feelings and for his mental suffering as a result of the allegedly unauthorized and unlawful autopsy on the body of his deceased wife by agents or employees of the defendant City of New York, said defendant appeals from a judgment of the Supreme Court, Kings County, entered May 31, 1963 after trial upon a jury's verdict in favor of the plaintiff for $12,500. Judgment reversed on the law and the facts, and a new trial granted, with costs to abide the event, unless, within 30 days after entry of the order hereon, plaintiff shall serve and file a written stipulation consenting to reduce to $3,500 the amount of the verdict in his favor and to the entry of an amended judgment accordingly, in which event the judgment, as so reduced and amended, is affirmed, without costs. Under all the circumstances disclosed by this record, we find that the amount of the jury's verdict was excessive to the extent indicated. Hill, Rabin and Benjamin, JJ., concur; Ughetta, Acting P. J., and Christ, J., dissent and vote to reverse the judgment and dismiss the complaint, with the following memorandum: Plaintiff's wife, aged 40, was admitted to a city hospital on February 12, 1954. She was suffering from acute abdominal distress. Her past history was negative. Examination disclosed distension of the abdomen, considerable

gas in the bowels and free air under the diaphragm, which indicated perforation of some organ. A pelvic abscess was drained. She refused an exploratory operation. A convulsion suddenly developed on February 15, 1954. The hospital doctors knew they were dealing with an obstruction. The seizure also suggested a pulmonary embolism. The patient died on February 21, 1954. The hospital was refused permission by the plaintiff husband to conduct a postmortem examination. The Department of Health regarded as unacceptable a hospital report attributing death to peritonitis. The matter was referred to the Medical Examiner's office. Assistant Medical Examiner Rosenhaus came to the hospital, examined the hospital record and chart and noted that there was no definitive diagnosis. He could not make a diagnosis on the basis of the hospital record. He knew nothing about any permission previously refused the hospital; nor did the hospital ask him to perform an autopsy. The hospital pathologist testified that there was a valid question as to the wife having been poisoned. It was under these circumstances that the Assistant Medical Examiner had to decide whether to perform an autopsy. He is empowered to do so under section 878 of the New York City Charter with respect to persons dying "in any suspicious or unusual manner". He performed the autopsy and signed the death certificate. His findings and laboratory analysis showed that devastating parasitic infection had caused a perforated sigmoid, which was chronically inflamed and obstructed, and had also caused other enumerated deterioration. The Medical Examiner's decision to proceed in accordance with the broad statutory terms used in section 878 of the City Charter was a determination to be made by him initially, and is to be accepted by the courts if it has a rational basis. (*Red Hook Cold Stor. Co.* v. *Department of Labor*, 295 N. Y. 1, 9). Even if the Medical Examiner was wrong in his construction of the statute, there can be no recovery on the ground that such official had perpetrated an illegal autopsy, if reasonable ground existed for his belief (*Brown* v. *Broome County*, 8 N Y 2d 330, 332). There can be no recovery unless the circumstances "leave no possible scope for the reasonable exercise of discretion in such manner" (*Matter of Schwab* v. *McElligott*, 282 N. Y. 182, 186). Hence, the motions of the defendant to dismiss should have been granted. Since there was no exception, the charge of the court which, on the basis of a dictionary definition of the statutory term "unusual," in effect left it to the jury to determine *de novo* whether an autopsy was warranted under the statute, might be regarded as the law of the case — if there was a case. However, the rulings of the court denying the motions to dismiss are here for determination (CPLR 5501). The motions should have been granted.