Morris Slifkin, J.
In an action for: (1) ah injunction permanently restraining defendants from conducting a statutory hearing into charges of racial discrimination, (2) a declaratory judgment adjudging so much of the Human Rights Law (Executive Law, §§ 290-301), as complained of, unconstitutional, and vacating a finding of probable cause made by the defendant Harry Anderson as Regional Director of the State Division of Human Rights, (3) a judicial declaration of the scope and effect of the Human Rights Law, and (4) such other relief as the court deems appropriate, plaintiffs move for a preliminary injunction pursuant to CPLR 6311. The motion is denied.
The Attorney-General of the State of New York, appearing at the arguments heard on the motions before this court, applied for and has been granted leave to intervene in support of the constitutionality of the challenged provisions of the Human Rights Law (CPLR 1012, subd. [b]).
Defendants’ cross motion to dismiss the complaint is granted upon grounds hereinafter expressed.
FACTS
By her verified complaint dated May 14, 1971, Mrs. Joan C. Johnson, a black teacher of language and music arts provisionally employed by the respondent school district, charged respondents with unlawful discriminatory practices relating to her employment solely because of her race and color. On that date she had not been officially notified that the school district would not renew her contract for the forthcoming year. Thereafter, -by resolutions adopted by the school board on June 29, 1971, the contracts of Mrs. Johnson ánd four other probationary teachers (who are white) were not renewed.
*1037 An investigation of Mrs. Johnson’s complaint was undertaken by the defendant Anderson who, in his capacity as Regional Director of the State Division of Human Rights, determined that (1) the Division had jurisdiction in the matter, and (2) there was probable cause to believe the respondents (plaintiffs here) engaged in discriminatory practices as complained. This determination, dated July 27, 1971, further ordered a public hearing into the matter at a time to be scheduled by notice.
Plaintiffs commenced the present action challenging the Division’s jurisdiction on procedural grounds and specifically alleging. bigotry and bias on defendant Anderson’s part in determining the existence of probable cause. It is claimed that plaintiffs have been damaged in the performance of their professional duties by the allegedly unfounded finding of probable cause and that the absence of a statutory procedure to refute or obtain review of that finding violates both the Federal and State Constitutions as a denial of due process.
DISPOSITION
It is the declared policy of this State to afford every individual “an equal opportunity to enjoy a full and productive life ” free of discrimination and intolerance (Executive Law, § 290; Matter of Board of Higher Educ. v. Carter, 14 N Y 2d 138, 145).
In furtherance of that objective the Legislature created the Division of Human Rights and provided it with the statutory powers enumerated in section 295 of the Executive Law. Section 297 thereof sets forth the procedure to be followed by persons who claim any grievance due to unlawful discriminatory practices.
After a complaint is filed with the Division, it must determine whether it has jurisdiction and whether probable cause exists warranting a hearing on the complaint.[1]
At this juncture a determination of probable cause is not intended, nor could it be considered as a final adjudication of the complaint’s merit. Probable cause, as the phrase is used in the Executive Law, is a phrase of art whose meaning is perhaps more appreciated by lawyers than laymen. It exists only where there is a reasonable ground for suspicion founded
*1038 on ‘ ‘ facts and circumstances strong enough in themselves to warrant a cautious man in the belief that the law is being violated” (People v. Marshall, 13 N Y 2d 28, 34). Again, a finding of probable cause ‘ ‘ is nothing more than a determination by an investigator that there should be a formal hearing on the matter ” (Salmon v. State Comm. for Human Rights, N. Y. L. J., June 25, 1969, p. 16, col. 7 [Sup. Ct., Richmond County]). It is plain that no violation of procedural due process can be spelled out of a statutory scheme which requires notice and affords a plenary opportunity to be heard on the subject matter of the complaint. In this regard, plaintiffs’ reliance upon Anti-Fascist Committee v. McGrath (341 U. S. 123) as dispositive of their due process argument must fail. In that case the plaintiff committee was designated as a Communist agency on a list prepared by the U. S. Attorney General for governmental administrative use only. The committee was not merely the subject of an accusation — one simply suspected— rather, it was designated as a party whose guilt was established ex parte without affording it any opportunity to be heard on the subject. That determination, as it affected the committee, was as final as though made by Judge and jury. Mr. Justice Frankfurter, in his concurring opinion in McGrath, aptly summed up the point in a telling paragraph, wherein he wrote: (341 U. S. at p. 164) “ It is noteworthy that procedural safeguards constitute the major portion of our Bill of Rights. And so, no one now doubts that in the criminal law a ‘ person’s right to reasonable notice of a charge against him, and an opportunity to be heard in his defense — a right to his day in court — are basic in our system of jurisprudence. ’ [citing case] * * * Nor is there doubt that notice and hearing are prerequisite to due process in civil proceedings [citing case].”
It may be seen that plaintiffs are, so to speak, in the middle of due process — they have concededly been notified; the opportunity to be heard awaits them. The court does not doubt that ample opportunity will be given them to raise every point now urged in this forum. At bar, the argument is premature, for no final administrative determination has been made. (Cf. Matter of Jeanpierre v. Arbury, 4 N Y 2d 238[2].) Justice Frankfurter recognized that principle in McGrath (id.-, at p. 155):
*1039 1‘ There is no ‘ standing ’ to challenge a preliminary administrative determination, although the determination itself causes some detriment to the litigant. United States v. Los Angeles & S. L. R. Co., 273 U. S. 299, cf. Ex parte Williams, 277 U. S. 267.”
This court does not perceive a violation of the due process requirement on the facts presented. (See Theatrical Protective Union Local No. 1 v. State Division of Human Rights, N. Y. L. J., June 9, 1969, p. 17, col. 1 [Sup. Ct., N. Y. County]).
The disposition made regarding the procedural due process issue necessitates a denial of a preliminary injunction inasmuch as there is no constitutional impediment blocking the commencement of the hearing. At this time there is no valid reason extant for judicial intervention.
Plaintiffs’ affidavits in support of the motion express fears and uncertainties relating to future performance of their respective duties. Aside from their conclusory statements nothing has been shown indicative of a present and immediate need to foreclose an impending irreparable injury. It is sufficient to note that where a preliminary injunction ‘ ‘ will do greater damage or create greater injury to a defendant * * * [it] should be refused ” (Gilbert v. Burnside, 6 A D 2d 834, 835; 7A Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 6301.20). By restraining the Division from carrying out its mandated function, the court would, in effect, thwart the salutary purpose and intent of the Human Rights Law. Considerations of public interest similarly dictate the refusal of a preliminary injunction here (see 7A Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 6301.21 and cases cited at n. 107).
Defendants have referred (in their brief) to this proceeding as one seeking a writ of prohibition (CPLR 7803, subd. 2). A cursory reading of the moving papers and the complaint warrants no such conclusion. The court will not pass on the points urged by defendants respecting the unavailability of such relief. The issue is not properly before it.
Finally, the court expresses its agreement with the Attorney-G-eneral’s position that where one seeks to challenge the constitutionality of a State statute as in violation of due process, ‘1 it must appear that some substantial right of the person invoking [the due process clause] is about to be violated by an exercise of governmental powers which run counter to the spirit of our institutions and processes as they have been established by custom and settled maxims of law” (Dunham v. Ottinger, 243 N. Y. 423, 434). As has been heretofore explained, plain *1040 tiffs have available to them sufficient opportunity to appear and rebut the charges preferred against them by Mrs. Johnson. That is wholly consistent with every principle of fundamental fair play envisioned by our Federal and State Constitutions.
For the foregoing reasons, plaintiffs’ motion for a preliminary injunction is denied and defendants ’ cross motion to dismiss the complaint is granted.

. The statutory language employing the phrase “ probable cause ” is: “ whether there is probable cause to believe that the person named in the complaint has engaged or is engaging in an unlawful discriminatory practice” (Executive Law, § 297, subd. 2).

. A finding that probable cause does not exist is a final determination subject to review pursuant to procedures set forth in sections 297-a and 298 of the Executive Law. And see Matter of Richards v. Mangum (35 A D 2d 124 [discussing the statutory procedure for review]). (Matter of Local 373 Assn. v. State Comm. for Human Rights, 40 Misc 2d 440, 442.)