George E. Severson, S.
This is an application by a surviving spouse made pursuant to SCPA 2105 to compel the executors of the estate of the decedent to turn over to the petitioner units of Elfun Trust certificates allegedly held in the joint names of decedent and the petitioning spouse and all other assets jointly held together with a Metropolitan Life Insurance policy on the life of decedent of which petitioner is allegedly a beneficiary.
The surviving spouse is not a beneficiary under the will, already admitted to probate, but is mentioned therein by recitals that adequate provision has been made for her over the years by outright gifts and that she has adequate means of her own, and further that she refused to live with the decedent.
Among other allegations, the answer, which is also in the *365 form of an affidavit, attacks the jurisdiction of the court to proceed in this matter by reason of the fact that the petition is not verified. An assertion is made that SCPA 2105 specifically requires that the proceedings be instituted by "a petition showing the facts and praying that the fiduciary be required to show cause” why the relief requested should not be granted. A request is then made in the answer to dismiss the proceeding by reason of the foregoing.
The paper instituting this proceeding is in fact an affidavit signed by the spouse, with the usual jurat of an affidavit indicating that the contents of the affidavit were sworn to before a notary public. The moving papers and the order to show cause issued thereon adequately specify the relief sought.
The issue of jurisdiction must be disposed of prior to the hearing on the merits of the application. It has been brought to the attention of the court that a proceeding was commenced by the executor in the Supreme Court to impress these same joint assets other than policies of insurance with a trust in favor of the estate. The action there was commenced subsequent to this application. At this time, the question of proper forum on these matters has not been presented to this court or to Supreme Court although it appears that the same relief can be had .in either case.
SCPA 303 reads as follows: "All pleadings shall be verified in the manner provided by CPLR 3020.” The reference to CPLR 3020 is to the manner of verification. The form of verification is provided in CPLR 3020 (subd [a]) "Generally. A verification is a statement under oath that the pleading is true to the knowledge of the deponent, except as to matters alleged on information and belief, and as to those matters he believes it to be true.” CPLR 3021 relates to the form of the affidavit of verification. The courts, on hearing verification matters under CPLR 3020, have applied CPLR 2001 and CPLR 3026 in making their decisions.
CPLR 2001 reads: "At any stage of an action, the court may permit a mistake, omission, defect or irregularity to be corrected, upon such terms as may be just, or, if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded.” In Sylvander v Stewart (36 AD2d 567) it was found that the use of an affidavit against the Superintendent of Insurance of the State of New York, which contained a prayer for relief instead of a petition *366 constituted a mere technical irregularity which resulted in no prejudice to the superintendent and was disregarded.
CPLR 3026 reads: "Pleadings shall be liberally construed. Defects shall be ignored if a substantial right of a party is not prejudiced.” In Capital Newspapers Div.-Hearst Corp. v Vanderbilt (44 Misc 2d 542), an irregular verification of the complaint was ignored since no substantial prejudice to defendant resulted. In Kreiling v Jayne Estates (51 Misc 2d 895), the apparently defective answer of the corporate defendant (the attorney affirmed rather than having the pleading verified) was not treated as a nullity by the court where the plaintiff showed no prejudice to a substantial right. There is no showing here of any such prejudice. (Foley v D’Agostino, 21 AD2d 60.) In some instances, the courts grant leave to substitute a corrected verification nunc pro tunc. (Matter of Dairymen’s League Co-op. Assn. v DuMond, 201 Misc 354.)
Further, in examining the papers filed herein it appears that the party asking for dismissal did not return the petition but elected to file an answer but has failed to have his own answering papers verified. "Pleaders insisting upon strict compliance with the rules of practice must follow the same themselves.” (Treen Motors Corp. v Van Pelt, 106 Misc 357, 361.)
Since the papers filed adequately apprise the court and the opposing party of the relief requested, and since the contents of the application are sworn to with nothing in the papers alleged as being upon information or belief, the defective verification, in the interests of justice, is treated as an irregularity. No prejudice has been shown by respondent. This court holds that it has jurisdiction of this matter on the papers filed and the motion insofar as it relates to the jurisdiction of this court is denied.