Honorable William L. Burke County Attorney, Madison County
You report to us that by Local Law No. 1 for the year 1964 the Madison County Board of Supervisors (board), pursuant to authority contained in County Law § 400 subd 2, abolished the office of coroner and created the office of medical examiner in Madison County (county), that the original appointee to that position resigned effective on December 31, 1980 and that there has been difficulty in finding a successor. We have received three letters from you in relation to the subject matter and one from a member of your board and have had several telephone conversations with you and one with the county district attorney.
 "The office of coroner is a very ancient one, and is said to be of equal antiquity with that of the sheriff, the two having been ordained together to keep the peace." 13 N Y Jur, Counties, § 87
 "`The coroner's is also a very ancient office at the common law' (1 Blackstone, 346), dating from an ordinance of the year 1194 or before then. (1 Pollock Maitland [2d ed.], 534.)" Matter of Senior v Boyle, 221 N.Y. 414 (1917).
The duties and functions of coroners and medical examiners are set forth in County Law §§ 671 and 673 (there is no section 672):
 "§ 671. General duties of coroner, or coroner and coroner's physician; or medical examiner; additional duties may be directed
 "1. The coroner, or if he is not a physician duly licensed to practice medicine in this state, the coroner and a coroner's physician, together, or in counties in which the office of coroner has been abolished, the medical examiner,
 "(a) shall make inquiry into unnatural deaths within his county as prescribed by law;
 "(b) shall make inquiry into all deaths whether natural or unnatural in his county.
* * *
 "(i) occurring to an inmate in a correctional facility as defined by subdivision three of section forty of the correction law or (ii) while not occuring in a correctional facility the cause of death is related to the incarceration or detention of such deceased person in a correctional facility as defined by subdivision three of section forty of the correction law."
 "§ 673. Deaths concerning which a coroner, coroner and coroner's physician or medical examiner has jurisdiction to investigate
 "1. A coroner or medical examiner has jurisdiction and authority to investigate the death of every person dying within his county, or whose body is found within the county, which is or appears to be:
 "(a) A violent death, whether by criminal violence, suicide or casualty;
 "(b) A death caused by unlawful act or criminal neglect;
 "(c) A death occurring in a suspicious, unusual or unexplained manner;
"(d) A death caused by suspected criminal abortion;
 "(e) A death while unattended by a physician, so far as can be discovered, or where no physician able to certify the cause of death as provided in public health law and in form as prescribed by the commissioner of health can be found;
 "(f) A death of a person confined in a public institution other than a hospital, infirmary or nursing home.
 "2. When a coroner is not a physician duly licensed to practice medicine in this state, the jurisdiction and authority specified in this section must be exercised jointly by the coroner and a coroner's physician."
In our opinion, matters having to do with the coroner and medical examiner are matters of State concern and do not involve property, affairs or government of a municipality and thus are not subjects upon which a municipality may act by a local law except by specific permission from the Legislature, and then only precisely as authorized. The only such grant is in County Law § 400 subd 3, which authorizes changing the number of coroners to not fewer than one nor more than four, which is inapposite to this discussion, and § 400 subd 2, which provides, and in 1964 provided, in part:
 "2. Coroners. At least one hundred fifty days prior to any general election and subject to a permissive referendum, the board of supervisors shall have power by local law to abolish the office of coroner and create the office of medical examiner."
The Legislature has not provided authority for a county which has changed from county coroners to a medical examiner to change back to county coroners. We direct your attention to Civil Service Law § 16 as a good illustration of how the Legislature grants authority to a municipality to act in relation to subjects which are matters of state, rather than local, concern.
In our opinion, once a county has acted under County Law § 400 subd 2 to abolish the office of coroner in the county and create the office of medical examiner, the county has no power or authority to change back to the original system.
You inquire whether the county may create the office of medical examiner's investigators to be filled by the part-time district attorney of the county and two part-time assistant district attorneys, all three of whom would be paid additional salaries for performing their extra duties.
Investigation of crime and into possible criminal activity is basically a police function but also constitutes part of the duties of a district attorney. If the board designated the part-time district attorney of the county as a part-time medical examiner's investigator and either increased the district attorney's salary or fixed a salary to be paid to the medical examiner's investigator in addition to the salary to be paid for services of the district attorney, it would be tantamount to a simple increase in the district attorney's salary during the term for which he was elected, in exchange for which the district attorney would have to perform duties which are already within the scope of his duties. (Obviously, it would be a remarkable attorney who would have the qualifications required for a medical examiner.) At best, if done during the term for which the district attorney was elected, this could be done under County Law § 201 only by local law subject to a referendum on petition under Municipal Home Rule Law § 24 subd 2 par h. As for the assistant district attorneys, designation of them as such assistants and paying them more salary would amount to a simple salary increase, which is permitted, but they can now be required to perform such investigations without a salary increase.
In our opinion, the county part-time district attorney may not be given a pay increase during the term for which he was elected by separately stating a part of his existing duties and increasing his salary or paying him a separate salary for performing those duties without a local law permitting this, subject to a referendum on petition.
We understand the board may attempt to accomplish by local law what the Legislature did for Lewis County by State statute. County Law § 400
subd 3-a relates to coroners in Lewis County and provides:
 "3-a. Coroner in Lewis County. All the powers and duties of the office of coroner of the county of Lewis are hereby transferred to the office of district attorney of such county, and the district attorney of such county shall exercise and perform all the powers and duties of the office of coroner of such county. The district attorney shall be entitled to such additional fees or compensation from the county for performance of duties as coroner as shall be fixed by the board of supervisors, and his reasonable and necessary expenses in the performance of the duties of such office shall be a county charge. The provisions of this section shall not have the effect under section ten of the municipal home rule law to permit any county, other than Lewis County as herein prescribed, to change, amend or supersede, by local law, any provisions of this chapter." (Emphasis supplied.)
As we stated, matters having to do with the coroner or medical examiner are matters of State concern and are not subject to home rule action except by specific grant of authority from the Legislature. The Legislature did not authorize Lewis County to act by local law to make the change. The Legislature itself changed Lewis County's organization. To be doubly sure that the organization provided for Lewis County would not be emulated elsewhere, the emphasized portion of the statute as quoted specifically prohibits action by local law. This is consonant with the power of the Legislature under Municipal Home Rule Law § 10 subd 1 par (ii) to bar local law amendments to State statutes.
In our opinion, if the county wishes to abolish the office of medical examiner and re-establish the office of coroner, it should persuade the Legislature to amend County Law § 400 by special law.